BOARD OF ZONING APPEALS OF THE CITY OF INDIANAPOLIS
*v.* WAINTRUP.

[No. 15,018. Filed January 23, 1935.]

*Edward H. Knight, James E. Deery,* and *Albert Stump,* for appellant.

*J. C. Hoffman,* amicus curiae.

SMITH, C. J.—Appellee applied to the building commissioner of the city of Indianapolis for permission to use certain premises at 3710 North Meridian Street in the city of Indianapolis for the purpose of displaying a sign on the building, and for the displaying and sale of furniture on said premises. These premises were located in the district set aside by an ordinance duly passed by the city council of the city of Indianapolis for residence and apartment use, known as class U-2.

Appellee sought to use these premises for business

purposes, as above indicated, but was denied this privilege by the building commissioner of the city of Indianapolis; and thereupon filed his appeal and petition with the board of zoning appeals for the city of Indianapolis, the appellant herein, asking the zoning board to vary the ordinance so as to permit him to use said premises for said purposes.

After a hearing, the appellant denied appellee this privilege, and refused to vary the ordinance so as to permit appellee to use the premises for said purposes. Thereafter the appellee filed a petition in the Marion circuit court of Marion county, Indiana, for a writ of *certiorari* to review the action of the board of zoning appeals. The writ was issued, and thereafter appellant filed a demurrer to the petition which was overruled and exception reserved. The appellant then filed a return to the writ of *certiorari,* and in compliance therewith the record of the board of zoning appeals was certified to the Marion circuit court. Upon the record consisting of the writ of *certiorari* and the return thereto, the issues were formed, and the cause was submitted to the court for trial. A general finding was made for the appellee, and judgment entered modifying the decision and order of the board of zoning appeals so as to permit the appellee to use said premises for business purposes, as set forth in his petition; and the ordinance of the city of Indianapolis ordered to be varied so as to permit said use of said premises by the appellee. Judgment was also rendered against the appellee for costs.

The appellant seasonably filed its motion for a new trial which was overruled. The errors assigned for reversal are: "1. That the court erred in overruling the demurrer to the appellee's complaint. 2. That the court erred in overruling the motion for a new trial for each of the reasons stated in said motion."

We shall first discuss the questions raised upon the

demurrer, and set out the substance of the petition and the demurrer thereto.

The petition alleges in substance that prior to the first day of April, 1932, the appellee leased from one Rosanna Wood for the term of five years certain real estate in the city of Indianapolis, Marion county, Indiana, being parts of lots 45, 46, 47, and 48 in Lazarus and Coleman's Harvard Place addition to the city of Indianapolis, together with the residence thereon, known as 3710 North Meridian Street in said city; that the said real estate is situated in the residence and apartment house district as provided by the zoning ordinance of the city of Indianapolis; that appellee resides in said district, and is engaged in selling furniture by sample; that prior to the first day of April, 1932, by and with the consent of the building commissioner of the city of Indianapolis, the appellee caused to be attached to the front of such residence an electric sign, and subsequently thereto, and before the first day of April, 1932, he was notified by the building commissioner that said sign should not be used, and that said premises should not be used for the purpose of displaying furniture samples and the sale of furniture therefrom; that on the first day of April, 1932, appellee filed with the board of zoning appeals of the city of Indianapolis his appeal from the decision of said building commissioner, and an application asking for a variance, so far as the same applied to said premises, from the requirements of the zoning ordinance of the city of Indianapolis, being general ordinance 114-1922 of said city, so that the same might be used for the displaying of furniture samples and the sale of same therefrom, and to permit the use of said electric sign on said building; that appellee also filed written consent of Rosanna Wood, the owner of the title to the real estate, authorizing him to file said appeal and application; that said application was set for

hearing by the board of zoning appeals, and due notice thereof given, as required by law; that upon the hearing the board of zoning appeals denied appellee's appeal and application for variance as prayed; that the decision of the board of zoning appeals denying said appeal and application for variance is illegal for the following reasons: (1) That the strict enforcement of the requirements of the zoning ordinance to said premises will result in a practical difficulty and unnecessary hardship upon appellee, and it is in violation of the acts of the general assembly, chapter 125 of the Acts of 1925; (2) that the action of the board in denying the appeal and application for variance was arbitrary, capricious, unreasonable, and contrary to law, and not warranted by the facts; (3) that the use for which appellee intended said premises, when conducted under proper regulations, such as the board of appeals, under said ordinance, might have required, would be in keeping with the general purpose and intent of said ordinance, and would not disturb the public health, safety, and general welfare of the community in which said premises are located, and that the denial of said appeal and application for variance would result in depriving appellee of his rights in and to said real estate without due process of law, and just compensation, in violation of the 14th amendment of the Constitution of the United States, and of the Constitution of the State of Indiana, sec. 21, art. 1; (4) that the denial of said appeal and application for variance and the strict enforcement of said ordinance as to said premises for apartment house or residence use is discriminatory, and against the rights of appellee, and in violation of his rights under the Constitution of the United States, and section 21, article 1 of the Constitution of the State of Indiana as abovementioned. Then followed a prayer that a writ of *certiorari* be issued, and that the court review the pro-

ceedings of the board of zoning appeals, and hear additional evidence of the facts pertinent to said application for variance and the allegations of illegality; and that the court set aside or modify the decision of the board of zoning appeals in such manner as will permit the reasonable use of the premises as prayed for by appellee.

Upon said petition a writ of *certiorari* was issued to which a return was made by appellant. After the writ was served, appellant filed its demurrer alleging the insufficiency of the petition to constitute a cause for issuing a writ of *certiorari* with memoranda thereto which are as follows:

"1. The petition shows on its face that it is an attempt to induce the court to review discretionary acts of the Board of Zoning Appeals and not for the purpose of determining the legality of their action.

"2. The petition shows that it is an attempt to induce the court to assume the discretionary power of the Board of Zoning Appeals to vary or modify a provision of the Zoning Ordinance, the power to do which is vested in the Board alone and not in the courts.

"3. The petition does not show on its face an illegality of action on the part of the Board of Zoning Appeals and proceeds solely against the exercise of their discretion.

"4. The petition shows on its face that there was no illegality in any of the acts or procedure of the Board of Zoning Appeals in the hearing on the petitioner's application for a variance of the Zoning Ordinance.

"5. The petition shows on its face that the application to the Board of Zoning Appeals is a request for a rezoning and not for an adjustment under the Zoning Ordinance and therefore refers to a matter the control over which is vested solely in the Common Council of the city. The petition shows that the application is for a permit to conduct a business in an area or district zoned for residential purposes. The change petitioned for is from a U-2 to a U-3 use.

"6. The petition on its face clearly shows that

the relief prayed for is one beyond the power of the Board of Zoning Appeals to grant and therefore also without the power of the court to review."

It will be borne in mind that in these proceedings appellee asks to have the appellant, as the board of zoning appeals of the city of Indianapolis, vary the general zoning ordinance theretofore passed by the city council, so as to permit him to use the premises described for business purposes.

The zoning ordinance places these premises in the residence and apartment district, and the purpose of these proceedings is to require the board of zoning appeals to vary the ordinance so as to permit the appellee to conduct a business therein. Upon a hearing by the board of zoning appeals the application for variance was denied.

Appellee contends that the board of zoning appeals acted illegally in its decision in denying the variance. Under the statutes of Indiana, §10375, Burns Ann. St. 1926, §48-2304, Burns 1933, §11657, Baldwin's Ind. St. 1934, the board of zoning appeals has the power to "hear and determine appeals from and review any order, requirement, decision or determination, made by an administrative official or board charged with the enforcement of any ordinance or regulation adopted pursuant to this act, and shall permit and authorize exceptions to and variations from the district regulations in the classes of cases or in particular situations specified in such ordinance, . . . " Every decision of the board shall be subject to review by writ of *certiorari*. The board is then given power to hear such appeals and,

"Where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of such ordinance, the board of zoning appeals shall have power, in passing upon appeals, or petitions for variance from district regulations to vary or modify any of the rules, regulations or

provisions of such ordinance so that the spirit of the ordinance shall be observed, public welfare secured or substantial justice done."

It will be observed that this statute is not mandatory, and that the board of zoning appeals shall have the power upon proper petition to vary or modify any of the rules, regulations, or provisions of such ordinance so that the spirit of the ordinance shall be observed, public welfare secured, or substantial justice done. The ordinance as passed by the city council fixed the status of the property of appellee for residence purposes, and forbade its use for business purposes such as petitioned for. There is no law that requires the board of zoning appeals to grant the variance. It is wholly within its discretion, and the board having the power to exercise that discretion, its decision is not reviewable by the courts, provided there was no illegality in its proceedings. The power and discretion to vary the ordinance rests *solely* with the board of zoning appeals, and, when it refuses to vary the ordinance, it leaves the ordinance in full force as originally passed by the city council and the property subject to the use provided therein.

This is not a proceeding to attack the validity of the ordinance, and whether the ordinance invades any of the constitutional rights of appellee is not properly a matter to be heard in a proceeding of this character. The question of whether the ordinance itself is proper is for the city council to determine and not for the board of zoning appeals. The board is given power only to vary the ordinance so that the spirit of the ordinance be observed, public welfare secured, and substantial justice done.

In the case of *Village of Euclid* v. *Ambler Realty Company* (1926), 272 U. S. 365, 71 L. Ed. 303, the court quoted from the Supreme Court of Louisiana in the

case of *State* v. *City of New Orleans* (1923), 154 La. 271, 283, 97 So. 440, 444, 33 A. L. R. 260, wherein it was said:

" 'If the municipal council deemed any of the reasons which have been suggested, or any other subtantial reason, a sufficient reason for adopting the ordinance in question, it is not the province of the courts to take issue with the council. We have nothing to do with the question of the wisdom or good policy of municipal ordinances. If they are not satisfying to a majority of the citizens, their recourse is to the ballot—not the courts.' "

So the question whether the ordinance itself is valid and invades any constitutional rights of appellee is not before this court in this case. Suffice it to say, in passing, that ordinances of this character have been held valid by our United States Supreme Court, and the Supreme Court of many states, including our own; in fact, the trend of the decisions of this country is toward the validity of these ordinances and enforcement thereof.

The statute authorizing this proceeding is §10376, Burns Ann. St. Supp. 1929, §48-2305, Burns 1933, §11658, Baldwin's Ind. St. 1934, and, without setting out the statute or quoting at length therefrom, it provides that any person aggrieved by a decision of the board of zoning appeals may present to the superior or circuit court of the county in which the property is located a verified petition "setting forth that such decision is illegal, in whole or in part, and specifying the grounds of such illegality." Then follow the provisions as to the procedure, notice, the issuing of the writ of *certiorari*, the return, etc. The statute then provides:

"The court may decide and determine the sufficiency of the statements of illegality contained in the petition without further pleadings, and may make its determination and render its judgment with reference to the legality of the decision of the board of zoning appeals on the facts set out in the

return to the writ of certiorari; or, if it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take evidence thereon to supplement the evidence and facts disclosed by the return to the writ of ceritorari, but no such review shall be by trial de novo."

The petition for the writ of *certiorari* under this statute must set up grounds showing that the decision of the board of zoning appeals was illegal, in whole or in part, and specify the grounds of such illegality. Nothing in this petition shows any illegality on the part of the board of zoning appeals in denying the variance requested by appellee. As has been said, the ordinance fixed the status of this property concerning its use, and the board of zoning appeals in its discretion did not see fit to vary the ordinance to permit another and different use from that provided in the ordinance.

Whether the board should vary the ordinance is a matter for the board to determine in its discretion, and such discretionary action, unless illegal, is not subject to review. If it had varied the ordinance and had acted illegally in doing so, then persons who were thereby aggrieved would have the right to have such action reviewed as provided by the statute. However, the petition must allege and specify the grounds of illegality. In this case the petition alleges that, if a strict enforcement of the zoning ordinance is required, it will result in practical difficulty and unnecessary hardship upon the appellee, and is not in keeping with the spirit of the provisions of the zoning ordinance and the acts of the general assembly authorizing it. This cannot be said to be an act of illegality, for the enforcement of every zoning ordinance may of necessity result in practical difficulties and in many instances may work hardships, but this does not neces-

sarily amount to illegality on the part of the zoning board in not varying the ordinance.

Appellee's remedy for this difficulty, if any, would be an attack upon the ordinance itself, and not upon the conduct of the board in failing to vary the ordinance.

The petition also alleges that the action of the board in denying appellee's application for variance was arbitrary, capricious, unreasonable, and contrary to law, and not warranted by the facts. These are mere conclusions of the pleader, and there are no facts set out in the petition to indicate that the board acted arbitrarily, capriciously, or unreasonably in denying the application for variance. The fact is that the board failed to vary the ordinance so there could be no illegality in the decision as provided by the statute. Whether its decision was contrary to law is not a ground for review under the statute.

Counsel for appellee calls attention to the case decided by this court on November 23, 1932, *O'Connor et al.* v. *Overall Laundry, Inc. et al.* (1934), 98 Ind. App. 29, 41, 183 N. E. 134. That case is very similar to the instant case, but the case was determined upon the error in overruling the motion for new trial. This court said in that case, "If the proceedings are illegal, or if the decision of the board is contrary to law, that decision should be reversed." The statement, "Or if the decision of the board is contrary to law" means that the decision must be illegal. This court does not intend to enlarge the scope of the statute in order to set aside the decision of the board of zoning appeals. The petition must show that the decision is illegal in whole or in part, and must specify the grounds of such illegality. This is the meaning of the statute, and the clear meaning of the language employed in the O'Connor case, *supra*. So the question whether the decision of the board is contrary to law is not important unless it amounts to illegality.

Appellant in his petition also alleges that the decision of the board is an invasion of his constitutional rights in that it deprives him of the rights in and to his real estate without due process of law and without just compensation. It is not the act of the appellant that deprived him of any use of his property, but the act of the common council in passing the ordinance; and, if appellee's rights have been invaded by this ordinance as he claims, his remedy is by an attack upon the ordinance, and not by a proceeding to review the decision of the board of zoning appeals.

Appellant also alleges that failure of the board to vary the ordinance, and the strict enforcement of it, is discriminatory and violates his constitutional rights to the use of his property. What we have said heretofore fully covers this proposition.

In referring to the parties in this case, we have used the terms "appellant" and "appellee". The appellee has not appeared and furnished us with any brief upon his own behalf, but Mr. J. Clyde Hoffman, who appeared as his attorney in the court below has appeared as amicus curiae in this court, and filed a very able brief in support of the contentions on behalf of appellee; so, by our references to appellee, we mean the questions raised by Mr. Hoffman as amicus curiae.

The demurrer to the petition should have been sustained, and the court erred in overruling it, for which error the cause must be reversed.

However, at the trial of this cause, the court heard additional evidence which was termed by appellee as evidence supplementary. The statute provides that at the hearing the court shall determine the matter upon the statements of illegality contained in the petition without further pleadings, and make its determination, and render its judgment with reference to the legality of the decision of the board of zoning appeals on the facts

set out in the return to the writ of *certiorari;* but, if it shall appear to the court that "testimony" is necessary for the proper disposition of the matter, it may take evidence thereon to supplement the evidence and facts disclosed by the return to the writ, but "no such review shall be by trial de novo."

Although it is not necessary to decide the questions raised under the motion for a new trial in order to determine this matter, we think that even if the petition were sufficient, the court erred in admission of any evidence which was offered after the admission of the ordinance. What the lower court really did was to try this case *de novo,* which is clearly prohibited by the statute.

In this case, the court heard evidence from witnesses who gave their opinion as to whether the variance should have been granted by the board of zoning appeals. This clearly amounted to a trial *de novo* on a subject which was clearly within the exercise of the discretion of the board of zoning appeals, and which the court had no authority to review. As was pointed out in the O'Connor case, *supra,* the office of *certiorari* is to demand of some inferior court or body the record of the proceedings so the court can determine whether or not the acts of the lower tribunal were legal, and thus keep the lower tribunal within its jurisdiction. Our statute, however, goes further, and says that the court, if it deems it necessary for a proper disposition of the matter, may take evidence to supplement the evidence and facts disclosed by the return of the writ of *certiorari;* but limits it by saying that no such review shall be by trial *de novo.* So it is apparent from the statute itself that the lower court is only authorized to take evidence to supplement the evidence and facts to the return of the writ of *certiorari.*

If the courts were permitted to review the decisions

of the board of zoning appeals in cases of this kind and pass upon the questions of whether the board acted wisely or not in refusing to grant a variance or in granting a variance, then we would open the door to endless litigation and submission to courts of questions on discretionary matters which were intended to be left entirely with the board of zoning appeals. The property owners who are vitally interested in these questions of restricted uses of property have the right and opportunity to appeal to the city council for the modification or amendment of an ordinance, and under the statute may also appeal to the board of zoning appeals to have their property relieved from the restriction, and placed in another district

For the error of the court in overruling the demurrer to the petition, the judgment of the lower court is reversed with directions to the court to sustain said demurrer, and for such further proceedings as are not inconsistent with this opinion.