BOARD OF ZONING APPEALS OF THE CITY OF INDIANAPOLIS v. MOYER ET AL.

[No. 16,393.   Filed June 17, 1940.]

200

*Edward H. Knight, Michael Reddington* and *Carl H. Weyl,* all of Indianapolis, for appellant.

*Joseph & Dann,* of Indianapolis and *(Thomas B. Millikan,* of New Castle, of counsel) for appellees.

CURTIS, J.—On October 19, 1938, the appellees William F. Moyer et al., being all the appellees other than appellees Edward E. Tyner, Mattie V. Lee (formerly Mattie V. Glenn), and Edward C. Yount, filed their petition in the Marion Superior Court, which petition reads as follows: (We omit formal parts and certain other parts not material to an understanding of the questions presented.)

. "Plaintiffs complain of the defendants and by way of petition for writ of certiorari say: That plaintiffs and each of them are aggrieved by a certain decision of the defendant Board of Zoning Appeals. That the defendant Board of Zoning Appeals was duly created and constituted by Ordinance No. 114, 1922, passed by the Common Council of the city of Indianapolis and that said city of Indianapolis was authorized by statute to regulate and restrict the location of trades, callings and commercial enterprises, to classify said city into zones or districts and to regulate and restrict the use of the real estate so classified and to provide such regulations and requirements as to height and area of buildings so as to preserve the public health, comfort, safety and welfare. That said Ordinance No. 114 was approved on or about December 4, 1922, and became effective December 22, 1922, and that said Ordinance with certain amendments not material here is now in full force and effect.

"That said Zoning Ordinance No. 114, 1922, divided the real estate within the city of Indianapolis into zones or districts and provided for the regulation and restriction of the uses to which such real estate should be put within said zones and districts. That plaintiffs and each of them separately owned real estate along and about East Maple Road and between Washington Boulevard on the west and Ruckle Street on the east, and that all of said real estate is within the city of Indianapolis, Marion County, Indiana. That said district has been and is now zoned under the terms and provisions of said Ordinance No. 114, 1922, as a U2 or Apartment House district. That the defendant Edward E. Tyner is now the owner of the following described real estate: The west end of Lots 1 and 2 in Wacema Place, an addition to the city of Indianapolis, Marion County, State of Indiana, which said real estate is located at 447 East Maple Road and which said location is in the same neighborhood as and within close proximity to the real estate owned by plaintiffs and that said real estate owned by defendant Edward E. Tyner is in the same U2 or Apartment House district as plaintiffs' real estate.

"That defendant Edward E. Tyner is threatening to use and occupy said real estate hereinabove described as a funeral home and undertaking establishment, and that such use is a U3 or business use of said real estate, which is prohibited and made unlawful within said U2 or Apartment House district under and according to the terms of said Ordinance No. 114, 1922. That the defendant Edward E. Tyner claims the right and authority to use said real estate as a funeral home by reason of a decision of the defendant, Board of Zoning Appeals, for the review of which decision plaintiffs have petitioned herein. That said decision of the Board of Zoning Appeals was rendered September 19, 1938. That said decision, which was assigned number 158-V-38 in the records of said Board of Zoning Appeals, is wholly illegal upon the following grounds:

"(1) That the application for variation from the requirements of the Zoning Ordinance was signed and executed by one Edward C. Yount, who was neither the owner, lessee, tenant or occupant nor interested in any manner whatsoever in the real estate described in said application for variance. That said Edward C. Yount has not used or occupied said real estate for a funeral home and does not now intend so to use or occupy said premises. That said defendant Board of Zoning Appeals, by and through its Secretary-Engineer, under date of September 20, 1938, communicated in writing with said Edward C. Yount as follows:" (We omit this communication for the reason that no question is made as to it and it simply notified Yount that the Board of Zoning Appeals had granted the permission for the variance asked for.) "but that said Edward C. Yount has never accepted nor acted upon the permission granted him to occupy said premises at 447 East Maple Road for a funeral home, and that defendant Edward E. Tyner is now claiming the right and authority to use said premises as a funeral home on the basis of the permission granted by defendant, Board of Zoning Appeals, to Edward C. Yount, so to use and occupy the same.

"(2) That by the provisions of the statute governing petitions for variances and under and pursuant to the provisions of said Ordinance No. 114, 1922, defendant Board of Zoning Appeals was granted power to vary or modify the rules, regulations and provisions of said Ordinance where a particular case presented practical difficulties or unnecessary hardship in carrying out the strict requirements of such ordinance. That the application for variance filed with the defendant Board of Zoning Appeals by said Edward C. Yount, presents no practical difficulty nor unnecessary hardship, and that for said further reasons said decision of the defendant Board of Zoning Appeals is wholly illegal and improper.

"(3) That under the provisions of the statute governing petitions for variances and under Ordinance No. 114, 1922, defendant Board of Zoning Appeals was granted power in a particular case of practical difficulty or unnecessary hardship to vary or modify the rules, regulations or provisions of said ordinance so that the spirit of said ordinance should be observed, public welfare secured and substantial justice done. That the application for variance filed with the defendant Board of Zoning Appeals in the within case presents no facts showing that the granting of a variance to use the premises at 447 East Maple Road for a funeral home is an observance of the spirit of the Zoning Ordinance nor a means of securing public welfare or doing substantial justice. That in truth and in fact the decision of the defendant Board of Zoning Appeals granting a variance to use the premises at 447 East Maple Road for a funeral home is in violation of the spirit of the Zoning Ordinance and will interfere with and endanger public welfare, health, safety and morals.

"Wherefore, plaintiff prays for judgment against the defendants and that a writ of certiorari be issued against the defendant Board of Zoning Appeals, requiring it to certify to this court for review all proceedings of said Board of Zoning Appeals in connection with the application for a variation filed with said Board by one Edward C. Yount and assigned No. 158-V-38 in the records

of said Board, and that upon a consideration and review of such proceedings and a hearing of oral testimony that the action of said Board of Zoning Appeals in granting a variance upon said application be reversed and overruled, and for all other proper relief in the premises." (Here follows proper verification which we omit.)

On the same day the court duly issued its writ of certiorari in said matter. On October 27, 1938, the appellant filed its demurrer to the said petition, alleging therein that the said petition for a writ of certiorari does not state facts sufficient to constitute a cause for issuing a writ of certiorari. The memorandum filed with the demurrer is as follows:

"(1) Under the Zoning Ordinance and the state statutes an application for variance of the Zoning Ordinance need not be signed by the owner, lessee, tenant or occupant of the real estate. It may be signed by an agent of the owner or some other interested person.

"(2) The petition shows on its face that it is an attempt to induce the court to review discretionary acts of the Board of Zoning Appeals and not for the purpose of determining the legality of its action.

"(3) The petition shows on its face that it is an attempt to induce the court to assume the discretionary power of the Board of Zoning Appeals to vary or modify a provision of the zoning ordinance, which power is vested in the Board alone and not in the courts.

"(4) The petition does not show on its face that the Board of Zoning Appeals acted illegally in performing a discretionary duty under the Zoning Ordinance.

"(5) The petition shows on its face that there was no illegality in any of the acts or procedure of the Board of Zoning Appeals in the hearing on the petition for a variance of the Zoning Ordinance.

"(6) The petition for writ of certiorari fails to allege the facts showing that the decision of the

Board of Zoning Appeals is illegal in whole or in part and does not specifically name grounds of illegality.

"(7) The allegations in the petition that the action of the Board of Zoning Appeals in granting the variance was illegal and improper are mere conclusions of the pleader and are not allegations of facts showing illegality on the part of the Board."

The court overruled said demurrer with an exception duly reserved by the appellant whereupon the appellant was ruled to answer the petition. The return to said writ contained a transcript of all of the proceedings had before the board together with all orders, entries, files and papers in its possession touching upon or concerning the proceedings in connection with the said application of the appellee Edward C. Yount for a variance from the requirements of said zoning ordinance as affecting the real estate in question. The said application among other things stated that the applicant was Edward C. Yount and that the owner was Mattie V. Glenn. The application was upon the printed form of the appellant and contained upon its reverse side under the heading of instructions the following: "(4) If this application is filed by any person other than the legal owner, written permission of the owner must be filed with application." The said return also showed that on September 7, 1938, the petitioner filed with said board a letter of which the following is the material part:

"Sept. 6, 1938

Mr. Edward C. Yount,
718 Fletcher Trust Bldg.

Dear Sir:

This is to authorize you in my behalf to meet necessary requirements in the variance of the prop-

erty at 447 Maple Road Boulevard, for the use of a funeral home.

> Yours truly,
> Mattie V. Glenn"

The cause was thereafter submitted to the court for trial and in due course the following judgment was entered: (We omit formal parts)

"Come now the parties herein in person and by counsel and this cause being submitted to the court for judgment and decree on the basis of the facts alleged in the verified petition for writ of certiorari to review the decision of the Board of Zoning Appeals of the city of Indianapolis and on the basis of the facts set out in the return thereto made by said Board of Zoning Appeals of the city of Indianapolis, and it appearing to the court that additional testimony to supplement the evidence and facts disclosed by the said return is necessary for the proper disposition of this cause.

"And the court, having heard such supplemental testimony and having considered the facts set out in the return to the said writ of certiorari and having been fully advised in the premises, now finds that the decision of said board is illegal and should be reversed and set aside in its entirety.

"It is therefore adjudged and decreed by the court that the decision of said Board of Zoning Appeals of the city of Indianapolis rendered September 19, 1938, in cause 158-V-38 in the records of said board be, and the same is hereby wholly reversed, and the order of said Board of Zoning Appeals granting the variance applied for is hereby set aside, annulled, canceled and reversed."

It is from the above judgment that this appeal has been prosecuted, the error assigned being alleged error in the ruling on said demurrer.

This court in recent cases: *O'Connor* v. *Overall Laundry, Inc.* (1934), 98 Ind. App. 29, 183 N. E. 134 and *Board of Zoning Appeals* v. *Waintrup* (1935), 99 Ind. App. 576, 193 N. E. 701 approved the practice

invoked in the instant case. In the Waintrup case, *supra,* this court reversed the judgment of the trial court which had entered a judgment modifying the decision and order of the board of zoning appeals so as to permit the appellee therein to use the premises involved for business purposes and ordering a variance in the ordinance to permit said use of the premises. It is our opinion that the Waintrup case in a large measure disposes of the controlling questions in the instant case.

The statute, § 48-2304, Burns' 1933, among other things provides that:

> "Such board of zoning appeals shall hear and determine appeals from and review any order, requirement, decision or determination, made by an administrative official or board charged with the enforcement of any ordinance or regulation adopted pursuant to this act, and shall permit and authorize exceptions to and variations from the district regulations in the classes of cases or in particular situations specified in such ordinance, and they shall hear and try all matters referred to them or upon which they are required to pass under any such ordinance of the common council adopted pursuant to this act. Every decision of such board of zoning appeals, shall be subject to review by certiorari. Such appeal may be taken by any person aggrieved or by any officer, department, board or bureau of such city."

The statute further provides that: "Where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of such ordinance, the board of zoning appeals shall have power, in passing upon appeals, or petitions for variance from district regulations to vary or modify any of the rules, regulations or provisions of such ordinance so that the spirit of the ordinance shall be observed, public welfare secured or substantial justice done."

As was stated in the Waintrup case it is true that the statute is not mandatory requiring the granting of a variance but it provides that the board shall have the power upon a proper petition to vary or modify "any of the rules, regulations or provisions of such ordinance so that the spirit of the ordinance shall be observed, public welfare secured or substantial justice done."

The ordinance represents the action of the legislative department of the city and its provisions are, under the statute, to govern unless a variance is granted by the board of zoning appeals. We agree with the cases that hold that such variances should be granted sparingly and only to the end that the spirit of the ordinance is observed and public welfare secured and substantial justice done. Nevertheless, under the law whether or not the board should vary the ordinance is a matter for the board to determine in its sound discretion and this discretionary power of the board is not subject to review except by a proper court upon "a petition, duly verified, setting forth that such decision is illegal, in whole or in part, and specifying the grounds of such illegality." See § 48-2305, Burns' 1933.

With the law in mind as above announced we proceed to an examination of the petition for a writ of certiorari herein to determine whether or not it states sufficient facts when tested by the said demurrer addressed to it.

We have, as a matter of history of the case, set out the return to the writ but in our examination of the petition for the writ and the demurrer addressed to it we have confined ourselves to the said petition and the demurrer.

The petition for the writ shows upon its face that it is based upon three grounds, the first of which being

the contention that the application for the variance "was signed and executed by one Edward C. Yount who was *neither the owner, lessee, tenant or occupant nor interested in any manner whatsoever in the real estate described in said application for variance.*" The ordinance and the rules adopted for its administration are not sufficiently brought before us in the petition for the writ so that we can determine from the petition whether or not they go beyond the statute upon which they are based and contain a requirement that the application for a variance must be signed in the manner contended for by the appellee. (The return to the writ would indicate clearly however that the ordinance and rules contain no such requirement but we have not considered the said return in passing upon the demurrer.) The statute itself contains no such requirement as to signature, therefore, the demurrer in so far as it relates to the said first ground in the petition for the writ is well taken. Were it material to notice it might be said in passing that the allegation in the petition for the writ "that the defendant Edward E. Tyner is now the owner of the" said real estate relates to the time of the filing of the petition for the writ and not to the time of the application and proceedings for the variance before the board. The petition for the writ shows that the Board of Zoning Appeals had jurisdiction of the subject-matter of the appeal from the order made by the building commissioner. In the first instance it had the power to determine that appeal and the sufficiency of the application for the granting of the variance sought and having determined said matters its act was valid and binding until challenged in the way pointed out in the statute. The well pleaded allegations in the petition for the writ as to

defects in the application for the variance could not, even if proven, be more than irregularities of procedure and could not under a proper construction of the statute be classed as illegalities within the meaning of said statute. See: *Edwards* v. *Cooper* (1907), 168 Ind. 54, 79 N. E. 1047. An illegality within the meaning of the statute under consideration goes to the foundation of the action and discloses that the proceedings have nothing to stand upon while an irregularity denotes that the board had jurisdiction of the proceedings but failed to consummate its work in all respects according to the forms prescribed. It is the general rule that courts are inclined to treat defects that are not plainly jurisdictional as irregularities rather than as illegalities.

The second ground or contention in the said petition for the writ is "that the application for variance filed with the defendant board of zoning appeals by said Edward C. Yount presents no practical difficulty nor unnecessary hardship and that for said further reasons said decision of the defendant board of zoning appeals is wholly illegal and improper." The question as to whether or not there was practical difficulty or unnecessary hardship was a question of fact for the board of zoning appeals. Their determination of that matter could not be inquired into by the court unless the action of the board amounted to an illegality in whole or in part. The statute says that, *"no such review shall be by trial de novo."* The allegation of the petition that the decision of the board of zoning appeals "is wholly illegal and improper" are but the legal conclusions of the pleader and do not aid the petition. These being mere conclusions of law and not conclusions of fact are not covered by the statute which authorizes the pleading of conclusions of fact subject only to a motion to make more specific. See:

§ 2-1005, Burns' 1933; *Stuck* v. *Town of Beech Grove* (1929), 201 Ind. 78, 166 N. E. 153; *Dovado Killion* v. *Chicago, Milwaukee,' St. Paul and Pacific Railroad Co.,* 107 Ind. App. 707, 25 N. E. (2d) 647 and the Waintrup case, *supra*. As to said second ground of the petition for the writ the demurrer was well taken.

The third ground of the petition is "that the application for variance filed with the defendant Board of Zoning Appeals in the within case presents no facts showing that the granting of a variance to use the grounds at 447 East Maple Road for a funeral home is an observance of the spirit of the zoning ordinance nor a means of serving public welfare or doing substantial justice. That in truth and in fact the decision of the defendant Board of Zoning Appeals granting a variance to use the premises at 447 East Maple Road for a funeral home is in violation of the spirit of the zoning ordinance and will interfere with and endanger public welfare, health, safety and morals." What has been said in reference to the first and second grounds for the petition for a writ of certiorari applies with equal force to the third ground.

It follows that the court erroneously overruled the demurrer. The judgment is reversed with instructions to sustain the demurrer to the petition for a writ of certiorari and for further proceedings not inconsistent with this opinion.

Judgment reversed.

NOTE.—Reported in 27 N. E. (2d) 905.