BOARD OF ZONING APPEALS OF CITY OF MISHAWAKA
*v.* SCHOOL CITY OF MISHAWAKA.

[No. 18,978. Filed October 11, 1957.]

*Leonard V. Campanale,* of Mishawaka, for appellant.

*John Schindler, Jr.* and *F. Richard Kramer,* of Mishawaka, for appellee.

CRUMPACKER, C. J.—There is now in effect, and has been since July 20, 1931, a zoning ordinance in the city of Mishawaka, Indiana, containing a provision requiring buildings in a certain area bordering on Lincoln Way to have a minimum setback of 25 feet from said street. The Mishawaka High School is located on property within this area and on March 27, 1956, the appellee applied for a permit to construct an addition to the gymnasium wing of the building housing said high school. The application was denied by the Building Commissioner for the reason that the addition, if built, would extend within eight feet of the sidewalk on the north side of Lincoln Way and thus violate the 25 foot setback restriction of the zoning ordinance. On the theory that an unnecessary hardship would result from the strict adherence to the 25 foot setback restriction, the appellee applied to the appellant Board of Zoning Appeals for a variance of such restriction to permit

the building of the proposed gymnasium notwithstanding it would extend, when completed, to within eight feet of the appellee's south line bordering on Lincoln Way. The appellant refused to vary the ordinance in any particular and, upon a writ of certiorari, the St. Joseph Superior Court reviewed such decision and on August 3, 1956, said court adjudged that: "(1) The decision of the Board of Zoning Appeals of the city of Mishawaka heretofore entered be and the same is hereby reversed; (2) The Board of Zoning Appeals of the city of Mishawaka be and the same is hereby ordered and directed to grant the School City of Mishawaka a variance of use to permit the erection of the proposed addition to the Mishawaka High School; and (3) The clerk of this court be and is hereby directed to forward a certified copy of this judgment to the Building Commissioner to the city of Mishawaka."

This appeal attacks said judgment as being: (1) Void for lack of jurisdiction of the St. Joseph Superior Court over the subject matter of the litigation; (2) unsupported by sufficient evidence; and (3) contrary to law. In its argument in support of its contention on the question of jurisdiction the appellant says: "Although the court may have had jurisdiction of the parties and the general subject matter of the controversy under the governing statute, it did not have jurisdiction of the subject matter in the instant case for the reason that there was a failure of strict compliance with the governing statute when the appellant was required, under a rule to show cause issued to it by the court requiring a showing why a writ of certiorari should not issue before the expiration of the 20 day period required by law." This statement is somewhat confusing but if we understand it correctly the appellant concedes the jurisdiction of the St. Joseph Superior Court over the parties and, in general, the jurisdiction of said court to review the

orders of boards of zoning appeals, but says said court failed to acquire jurisdiction to review the orders of the zoning board in this particular instance because it was not given the full 20 days to show cause why a writ of certiorari should not issue. Sec. 53-785, Burns' 1951 Replacement.

We see no merit in this proposition. By jurisdiction of the subject matter is meant jurisdiction over the class of cases to which the particular case belongs. *The Chicago and Atlantic Railway Company* v. *Sutton* (1892), 130 Ind. 405, 30 N. E. 291, *McCoy* v. *Able* (1892), 131 Ind. 417, 30 N. E. 528, 31 N. E. 453; *Daniels* v. *Bruce* (1911), 176 Ind. 151, 95 N. E. 569; *United States, etc. Ins. Co.* v. *Clark* (1908), 41 Ind. App. 345, 83 N. E. 760. Sec. 53-783, Burns' 1951 Replacement, provides as follows:

> "Any person or persons, firm or corporation jointly or severally aggrieved by any decision of the board of zoning appeals, may present to the circuit or superior court of the county in which the premises affected is located a petition, duly verified, setting forth that such decision is illegal, in whole or in part, and specifying the grounds of the illegality. The petition shall be presented to the court within thirty (30) days after the entry of the decision or order of the board of zoning appeals complained of."

Clearly this section of the zoning statute gives the St. Joseph Superior Court jurisdiction of the class of cases to which the present litigation belongs. Failure to comply strictly with the requirements of the statute might render a subsequent decision of the reviewing court erroneous but it could not deprive the court of jurisdiction of the subject matter which the statute expressly confers upon it.

The appellant's remaining contentions are: (1) The decision of the court is not sustained by sufficient evidence; and (2) the decision of the court is contrary to

law. In connection with these questions we quote from the appellant's brief as follows: "Appellant contends that the decision is contrary to law because of a lack of evidence supporting the finding of the Court that the appellant's decision was 'illegal,' which evidence did not constitute any 'unnecessary hardships' or 'practical difficulties' which would permit appellant to grant relief under the definition of its powers and duties as specified in the governing municipal ordinance. Inasmuch as substantially the same question is raised in this case by both causes, these two causes are here grouped and supported by one argument." They will be considered by us in the same manner.

The pertinent statute defining the powers and duties of boards of zoning appeals, §53-778, Burns' 1951 Replacement, reads as follows:

"The board of zoning appeals shall:

"1. Hear and determine appeals from and review any order, requirement, decision or determination made by an administrative official or board charged with the enforcement of any ordinance or regulation adopted pursuant to sections 56 through 65 (§§53-756—53-766) of this act.

"2. Permit and authorize exceptions to the district regulations only in the classes of cases or in particular situations as specified in the ordinance.

"3. Hear and decide special exceptions to the terms of the ordinance upon which the board is required to act under the ordinance.

"4. Authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

The "classes of cases" or "particular situations" under which the Board of Zoning Appeals of the City of Mishawaka is authorized to grant variances are ▪ defined by ordinance as follows: "(6) Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of this ordinance, the Board of Zoning Appeals shall have the power in passing upon appeals to vary or modify the application of any of the regulations or provisions of this ordinance relating to the use, construction, or alteration of buildings or structures or the use of land so that the spirit of the ordinance shall be observed, public safety and welfare secured and substantial justice done."

The record clearly indicates that the appellee sought a variance of the 25 foot setback provision of the zoning ordinance upon the assertion that its strict enforcement in this case would result in a hardship to the pupils of the Mishawaka High School, its teachers, its administrative personnel, its tax payers and the violation of the statutory duties of the school trustees to furnish adequate educational facilities. That in denying the variance the appellants acted arbitrarily, capriciously, and upon evidence devoid of probative value, and therefore illegally. In determining the validity of this contention certain well established principles may well be noted.

A board of zoning appeals has sole power within its discretion to vary a zoning ordinance and its decision is reviewable by the courts only for illegality in its ▪▪ proceedings. *Board of Zoning Appeals* v. *Waintrup* (1935), 99 Ind. App. 576, 193 N. E. 701; *Keeling* v. *Board of Zoning Appeals* (1947), 117 Ind. App. 314, 69 N. E. 2d 613; *Board of Zoning Appeals* v. *Moyer* (1940), 108 Ind. App. 198, 27 N. E. 2d 905. The Board of Zoning Appeals is authorized by statute to

grant variances where unnecessary hardships exist and whether or not hardship exists is a question of fact to be determined by the board. *City of E. Chicago* v. *Sinclair Ref. Co.* (1953), 232 Ind. 295, 111 N. E. 2d 459. As a general rule the court will not reverse the decision of the Board of Zoning Appeals where there is evidence to support it nor will the court substitute its own judgment for that of the board. *City of South Bend* v. *Marckle* (1939), 215 Ind. 74, 18 N. E. 2d 764. Nevertheless, "if it should be made to appear that the evidence upon which the agency acted was devoid of probative value; that the *quantum* of legitimate evidence was so proportionately meager as to lead to the conviction that the finding does not rest on a rational basis or that the result of the hearing must have been substantially influenced by improper considerations the order will be set aside." *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399. Also "in final analysis, the finding of an administrative agency will not be disturbed when subjected to the scrutiny of judicial review upon the claim that it is not supported by the evidence, unless it is made to appear that the finding does not rest upon a substantially factual foundation." *Keeling* v. *Board of Zoning Appeals, supra.*

The application of the foregoing principles or rules of law as a guide to the solution of the problem presented by this appeal requires a consideration of the evidence the appellant had before it and upon which it concluded to deny the requested variance. Such evidence may be summarized as follows: John Schindler, Jr., Attorney at Law and a witness for the appellee, outlined the legal status of the school city and the duties of the Board of School Trustees including the duty to establish schools and provide suitable equipment for their operation. Physical education is required at the high school level. Mishawaka has

only one high school which high school is badly over-crowded. Plans have been made, and are being carried out, to relieve the inadequate situation in the classroom, shop and home economic areas of said high school. The trustees propose to alleviate the inadequate gymnasium facilities by constructing an addition to the present building and propose to finance the cost of such addition with funds derived from the sale of general obligation bonds. Steps taken include the receipt of a petition signed by 391 citizens and certification of said petition by the County Auditor; the resolution of the School Trustees finding overcrowded conditions and determining to finance the necessary additions by issuing bonds; the resolution of the Mishawaka Common Council finding the gymnasium facilities inadequate and unanimously approving the project; an appropriation resolution passed by the School Trustees after notice and hearing and without remonstrance; preparation of construction plans and approval thereof by the School Trustees, the State Department of Public Instruction, the Administrative Building Council of Indiana, the State Department of Health and the State Fire Marshal; approval of the appropriation of the necessary money by the State Tax Board, after notice and hearing and without remonstrance.

Mr. Paul Jernegan, architect, and Messrs. Perkins and Flanagan, consulting architects, stated that the proposed addition to the building would enhance its beauty. The architects discussed the plans and submitted drawings which were admitted in evidence as exhibits.

Mr. John Schindler, Jr., submitted the zoning map and an engineer's map of the locality immediately west of the school building and within two blocks to the east thereof. These maps show that buildings existing in such areas extend to the street line. Mr. John J. Young,

Superintendent of the Mishawaka Schools, outlined the over-all school building program, necessitated by the increasing number of births and limited by the tax base. The proposed gymnasium has its place in the over-all plan. Physical education must be taught in Indiana high schools according to prescribed standards. The limitations of physical education facilities in the Mishawaka High School prevent full compliance with these standards. Alternative solutions were considered by the School Trustees but were discarded in favor of the planned addition because of substantially greater costs. The existing facilities impose hardship upon students, physical education staff and supervisory staff. The advices received from experts in the fields of education, engineering and architecture, demonstrate the wisdom of the plan adopted.

Insofar as the record discloses the evidence, summarized above, is not specifically contradicted by other evidence or challenged by the appellant. All the evidence in opposition may be stated thus: Mr. and Mrs. Robert P. Lang stated "that the building would be too close to the public sidewalk." Mr. Dwight Marsee stated "there can't be a four-lane highway if there is no parking on each side." He felt "the front of the school was beautiful and should remain as such." Mr. Robert Lang objected also to the parking of cars around his residence. Mr. George Bancroft stated "this building has been something to be proud of and if the Board of Zoning Appeals would deny this variance it would be doing the city a favor."

On the evidence the appellant denied the variance specifically finding: (1) The symmetry of the high school building should be maintained; (2) the 25 foot setback should be enforced so as not to prevent any future widening of Lincoln Way East; (3) the variance was not justified under the hardship clause of the

Zoning Ordinance because (a) the hardship complained of is self-created, (b) the alleged hardship complained could be alleviated by remaining within the confines of the Zoning Ordinance without a variance, and (c) an alternative solution of the appellee's problem such as a separate gymnasium built elsewhere, is justified even though it costs more money because it would serve appellant's needs for 50 years.

We have sought in vain, as no doubt did the trial court, for evidence of probative value to sustain these findings. In deciding this case the trial court rendered a written opinion which was incorporated in and made a part of its judgment. From it we quote with approval as follows:

"Under the provisions of the Statute, the standards by which the Board's actions are to be governed are clear. The Board's inquiry must be directed to four questions:

"(1) Will the granting of the variance 'be contrary to the public interest?'

"(2) Will the literal enforcement of the ordinance 'result in unnecessary hardship?'

"(3) Will the 'spirit of the ordinance be observed if the variance is granted,' and

"(4) Will 'substantial justice be done if the variance is granted?'

"Measured against these standards of action, the entire uncontradicted evidence of probative value discloses that the public interest will be served by granting the variance. The education of the children is one of the most vital elements of public interest for any community in the world. All the evidence points to the fact that if this public interest is to be served, the construction project must go forward. The real hardship suffered by literal application of the ordinance will be borne by the children of today and tomorrow. On the contrary, not a single line of evidence appears in the record by which it may be reasoned or from which it may be inferred that the grant-

ing of the variance 'is contrary to the public interest.'

"By the same token, the hardship visited upon this generation of school children is unnecessary. It can be relieved by the grant of the variance.

"On the record before the court, the substantial justice test has not been met. There is no justice, substantial or otherwise, in a decision based upon no evidence supporting the decision, and particularly where the sole evidence of probative value is contrary to the decision itself."

Clearly we think, as did the trial court, that this is a case for the application of the rule announced in *Warren* v. *Indiana Telephone Co.*, *supra*, and thus we are forced to conclude that "the *quantum* of legitimate evidence was so proportionately meager as to lead to the conviction that the finding (Board of Zoning Appeals) does not rest upon a rational basis."

Judgment affirmed.

NOTE.—Reported in 145 N. E. 2d 302.