BOARD OF ZONING APPEALS *v.* DAVID L. REED, DIANE J. REED.

[No. 1-573A79. Filed September 17, 1973.]

*James D. Williams*, of Corydon, for appellant.

*William H. Davis, Davis, Davis & Layson*, of Corydon, for appellees.

LOWDERMILK, J.—This action was commenced by plaintiffs-appellees (petitioners) making an oral request to the Zoning Board of the Town of Corydon, Indiana, for a variance to erect a commercial structure on their property. Notice of this application was published in the local newspaper and a hearing was held by the Zoning Board, which considered the request for a variance. The variance was denied and the petitioners then made an oral request for an appeal to the Board of Zoning Appeals. The Board of Zoning Appeals met and refused to grant the variance requested.

Thereupon, the petitioners filed a petition for a writ of certiorari in the Harrison Circuit Court, naming the Board of Zoning Appeals (Board) as defendant. The court entered an order for a writ of certiorari and the Board filed a motion to remand, which requested the court to send the matter back

to the Board for further action. No official ruling was ever made on this motion by the court.

The court, after granting certiorari, heard testimony, and entered the following findings of fact, conclusions of law, and judgment thereon:

## "FINDINGS OF FACT

1. The plaintiffs, David L. Reed and Diane J. Reed are the owners of a certain tract of real estate in Harrison County, Indiana, as described in their petition.

2. The plaintiffs applied to the defendant, the duly created Board of Zoning Appeals of the Town of Corydon, Indiana, for a zoning variance to change their property, as described in their petition, from R-1, residential to B-2 general business in order to construct a showroom, office and warehouse for their plumbing contracting business.

3. The application for a variance was denied by the defendant on June 8th, 1972.

4. The variance requested by the plaintiffs is not unreasonable in that it is not contrary to the public welfare and safety of the community and will not alter the essential character of the locality.

5. The denial of the variance by the defendant has caused an unnecessary hardship to the plaintiffs in that they are deprived of a place to display and store the merchandise used in their plumbing contracting business.

6. There was a clear abuse of discretion by the Board of Zoning Appeals.

7. The decision of the Board of Zoning Appeals is reversed and over-ruled and the plaintiffs are granted a zoning variance from R-1 residential to B-2 general business on their property as described in their petition.

## CONCLUSIONS OF LAW

From the foregoing facts, the court concludes:

1. That there was an illegal abuse of discretion by the Board of Zoning Appeals.

2. That the law is with the plaintiff and against the defendant.

3. That the property of the plaintiffs is hereby rezoned from R-1 residential to B-2 general business and the plaintiffs are to pay the costs herein.

## JUDGMENT

This cause came on for trial before the court without the intervention of a jury and the issues having been tried and the court having entered its finding of facts and conclusions of law.

IT IS ORDERED AND ADJUDGED that the property in issue of the plaintiffs is hereby rezoned from R-1 residential to B-2 general business and the costs of this action are to be assessed to the plaintiff.

Dated this 30th day of October, 1972."

Defendant-appellant (Board) timely filed its motion to correct errors which was by the court overruled and this appeal was perfected.

Appellant, in its motion to correct errors, raised basically ten issues which were argued in its brief. Two of these issues complain that the decision of the trial court in its findings of fact were not supported by sufficient evidence.

The test to be followed on appeal, as stated in the case of *Keeling* v. *Board of Zoning Appeals* (1946), 117 Ind. App. 314, 69 N.E.2d 613, is that this court cannot weigh the evidence but will only examine the record to ascertain whether the action of the Board was illegal.

The Board of Zoning Appeals has the sole power within its discretion to grant a variance to the zoning ordinance. *The Light Co., Inc.* v. *Houghton, et al.* (1967), 141 Ind. App. 93, 266 N.E.2d 341; *Board of Zoning Appeals* v. *Waintrup* (1935), 99 Ind. App. 576, 193 N.E. 701.

This decision by the Board is reviewable by a trial court on a petition for certiorari only on the grounds that the Board's decision is illegal. *Marion Co. Bd. of Zon. Appeals, et al.* v. *Trivett* (1967), 140 Ind. App. 691, 225 N.E.2d 852; *Board of Zoning Appeals* v. *Wheaton* (1948), 118 Ind. App. 38, 76 N.E.2d 597.

The Board's decision will not be reversed by a trial court if there is evidence of probative value to support its decision. *The Light Co., Inc.* v. *Houghton, et al. supra.*

The trial court is not allowed to substitute its own judgment for that of the Board. *Bd of Zoning App.* v. *School City of Mishawaka* (1957), 127 Ind. App. 683, 145 N.E.2d 302.

The legality of the Board's decision can be challenged only on the grounds that a variance was required because of an unnecessary hardship that the ordinance worked on a petitioner. The question of unnecessary hardship is a fact for the Board to decide. *Bd. of Zon. App.* v. *School City of Mishawaka, supra; Board of Zoning Appeals* v. *Moyer* (1940), 108 Ind. App. 198, 27 N.E.2d 905. The Board's factual determination on the question of unnecessary hardship is reviewable only if that decision is illegal. *Board of Zoning Appeals* v. *Moyer, supra.*

This court stated, in *The Light Co. Inc.,* v. *Houghton, et al. supra:*

> "The law is clear and definite in its declaration that financial or economic considerations cannot govern the granting of a variance. Nor can economic opportunity or loss enter into the determination of the existence of unnecessary hardship. . . ." See, also, *O'Conner* v. *Overall Laundry, Inc.* (1933), 98 Ind. App. 29, 183 N.E. 134.

The Board's decision will be reversed only when the evidence is so meager as to show an abuse of discretion on the part of the Board. However, the trial court cannot substitute its judgment for that of the Board. *Marion Co. Bd. of Zon. Appeals, et al.* v. *Trivett, supra.* The mere denying of a variance by the Board is not in itself illegal. *Board of Zoning Appeals* v. *Waintrup, supra.*

The evidence in this case taken at the hearing conducted by the trial court showed that the petitioner was operating

a plumbing business and wanted to erect a building to serve as a warehouse facility and showroom. The petitioner testified that he was at that time using small buildings which he was renting but the buildings were insecure and inconvenient. He also testified that the lack of the building requested was causing him financial loss in his business.

The Board members testified at the hearing that the ordinance established the area in which the petitioner sought a variance as residential. The Board members testified that it was their desire that the area should remain residential in compliance with the zoning ordinance and that a variance would not comply with the purposes of the zoning ordinance which were to establish an orderly development in and around the Town of Corydon. There was evidence that two businesses were in operation in the area zoned residential. However, the only testimony concerning these businesses was to the effect that the businesses may or may not have been established in that area prior to the enactment of the zoning ordinance and thus may not have been within the jurisdiction of the Board. These two businesses (a body shop and a nursing home) were approximately one mile from the petitioners' property.

The trial judge, from the very beginning of the hearing, made it clear that he wanted to know the reasons why the Board denied the variance. Early in the hearing the trial judge stated that the Board would be justified in turning down a petition for variance if the area was totally residential, but since the aforementioned businesses were present within the area in question, he did not see how the Board could justify turning down the petitioners since other businesses were already established. Later in the hearing the judge stated that a test for denial of a variance is whether the variance will be detrimental to the community and lower the value of other buildings in the community. At the close of the hearing the judge reiterated his position concerning other business in the

area and stated that industry had to locate someplace and the location had to be close to Corydon.

From the record before us we must arrive at the inescapable conclusion that the trial court simply substituted its own judgment for that of the Board. This, of course, is not within the purview of the trial court in cases of this kind. *Board of Zoning Appeals* v. *School City of Mishawaka, supra.* Although the Board did not have written reasons for denying the variance, their reasons were put into evidence at the hearing and we cannot say that this evidence was so meager as to show an abuse of discretion on the part of the Board. *Marion Co. Bd. of Zon. Appeals, et al.* v. *Trivett, supra.* Thus, it is our opinion that the evidence discloses that the Board's action was not illegal and the trial court erred in reversing the Board and granting a variance.[1]

Reversed and remanded for further action not inconsistent with this opinion.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 301 N.E.2d 231.

---

1. The trial judge apparently looked with disfavor on the procedures employed by the Board. No written statement of reasons for the denial of the variance was given to the petitioners. The Board failed to require a written petition (and had never required a written petition from anyone.) These irregularities were before the court and are mentioned in the motion to correct errors. However, it was unnecessary to write on these irregularities as other specifications hereinabove discussed required reversal of the cause. Additionally, we feel sure that the Board has been made aware of its procedural failures and these errors will not re-occur in the future.