BOARD OF ZONING APPEALS OF THE CITY OF WHITING, LAKE COUNTY, INDIANA v. JAMES F. McFADDEN AND MARY McFADDEN.

[No. 3-1073A141. Filed November 19, 1975.]

*Donald L. Gray, Sullivan & Gray,* of Whiting, *Rudolph Tanasijevich,* of Hammond, for appellants.

*Lester Ottenheimer, Robert L. Meinzer, Jr., Ottenheimer & Silverman,* of East Chicago, for appellees.

STATON, P.J.—The Board of Zoning Appeals of the City of Whiting is appealing a judgment rendered by the Lake Superior Court which reversed the Board's denial of a variance. The sole question presented by this appeal is whether the trial court exceeded its authority when it reversed the Board.

The McFaddens petitioned the Board for a variance to permit the addition of three apartments to an existing duplex at 1634 LaPorte Avenue in Whiting, Indiana in an area zoned for two-family dwellings. Following a public hearing, the Board denied the McFaddens' petition for a variance. The McFaddens sought review of this denial by writ of certiorari to the Lake Superior Court, alleging among other things:

"6. That the decision of the Board of Zoning Appeals was devoid of probitive [sic] value in the quantum of legitimate evidence, and also was so proportionately meager that the decision of said Board was based on facts insufficient to substantiate the decision rendered.

"7. That the Board of Zoning Appeals refused to consider the fact that the Appellants expended the sum of $11,099.87 which is a question of fact in order to determine the hardship created by said denial of said Board."

The trial court issued a writ of certiorari to the Board and heard additional evidence to augment the evidence contained in the Board's return to the writ of certiorari. After hearing this evidence, the trial court reversed the Board's denial of the variance finding:

"That the McFaddens would suffer a hardship created by the City of Whiting through its authorized agents."

For the reasons set out below, we conclude that the trial court exceeded its authority by substituting its judgment for that of the Board. We reverse.

Whether a variance to a zoning ordinance should be granted is within the discretion of the board of zoning appeals. *Metropolitan Board of Zoning Appeals of Marion County* v. *Rumple* (1973), 261 Ind. 214, 301 N.E.2d 359; *Speedway Board of Zoning Appeals* v. *Standard Concrete Materials, Inc.* (1971), 150 Ind. App. 363, 276 N.E.2d 589. The authority of the Board to grant a variance in this case is created by IC 1971, 18-7-5-82 (Burns Code Ed.) as follows:

"The board of zoning appeals shall:

. . .

"(4) Authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."[1]

The determination of whether there is an unnecessary hardship justifying the grant of a variance is a question of fact for the board of zoning appeals. *City of East Chicago, Ind.* v. *Sinclair Refining Co.* (1953), 232 Ind. 295, 111 N.E.2d 459; *Board of Zoning Appeals* v. *Reed* (1973), 157 Ind. App. 540, 301 N.E.2d 231. On a petition for a writ of certiorari, the trial court is authorized to reverse the Board's decision if that decision is illegal, but reviewing the board's decision, the trial court may not substitute its own judgment. IC 1971, 18-7-5-87 and IC 1971, 18-7-5-92 (Burns Code Ed.) ; *Johnson County Plan Com'n.* v. *Fayette Building Corp.* (1973), 156 Ind. App. 557, 297 N.E.2d 899; *Board of Zoning Appeals* v.

---

1. For the statutes governing the planning and zoning functions in counties of Indiana containing a first class city, see IC 1971, 18-7-2-1 through 18-7-2-89 (Burns Code Ed.).

*Reed, supra.* The trial court's review is more limited when reviewing a board's denial of variance than when it is reviewing a board decision granting a variance. *Speedway Board of Zoning Appeals* v. *Standard Concrete Materials, Inc., supra; Metropolitan Board of Zoning Appeals* v. *Standard Life Insurance Co.* (1969), 145 Ind. App. 363, 251 N.E.2d 60. When sufficiency of the evidence supporting the board's denial of a variance is questioned by writ of certiorari, the trial court does not determine whether there was "substantial evidence of probative value" to support the board's decision, but rather it must determine whether the evidence is without conflict and leads only to the conclusion that the variance should have been granted. *Speedway Board of Zoning Appeals* v. *Standard Concrete Materials, Inc., supra.*

The evidence presented at the hearing before the Board established the following. Prior to November 15, 1972, the McFaddens submitted preliminary plans and specifications for the construction of additional apartments to the Whiting Building Commissioner. The Building Commissioner orally approved the plans and told the McFaddens to go ahead with the building. The McFaddens commenced construction in November, and on January 8, 1973, they made written application for a building permit stating that the planned construction was not in violation of any ordinance. A building permit was then issued to the McFaddens, but on January 15, 1973, the permit was revoked because the planned construction was in violation of the applicable two-family dwelling zoning classification. By the time the permit revocation and order to cease and desist construction was received, the McFaddens had spent in excess of $6,000.00 on the construction of the additional apartments. Besides the testimony presented to the Board concerning the financial hardship to the McFaddens, there was testimony concerning parking problems and congestion already existing in the neighborhood which might increase as a result of the addition of three apartments and testimony

concerning the benefit to the neighborhood from the rehabilitation of the structure as well as the benefit to the City of Whiting from the additional housing.

The evidence was without conflict that if the variance was denied, the McFaddens would suffer the financial hardship of losing the money already spent on the construction. However, proof of an unnecessary hardship justifying the grant of a variance does not rest upon the mere showing of financial loss. As this Court stated in *Light Co.* v. *Houghton* (1967), 141 Ind. App. 93, 96-98, 226 N.E.2d 341, 343-44:

> "The law is clear and definite in its declaration that financial or economic considerations cannot govern the granting of a variance. Nor can economic opportunity or loss enter into the determination of the existence of unnecessary hardship. . . .
>
> "Because a variance is relief granted from a literal and exact enforcement of a zoning ordinance, thereby permitting use of property in a manner otherwise forbidden by the terms of such ordinance or regulation, it should be strictly construed and granted only in cases of extreme hardship where the statutory requirements are present. . . .
>
> . . .
>
> ". . . The determination of the existence of an unnecessary hardship is governed by all the relevant factors which, when taken together, indicate that the property cannot reasonably be put to a conforming use because of limitations imposed upon it by the ordinance. It must also be shown that the land involved cannot yield a reasonable return if used only for the allowed zoned purpose, and that the use authorized by the variance will not alter the essential character of the locality. . . ." See also, *City of East Chicago, Ind.* v. *Sinclair Refining, supra.* At the time of the Board hearing, the McFadden property was in use as a two-family dwelling, and the McFaddens presented no evidence that the property could not continue to be used profitably as a two-family dwelling as permitted by the zoning ordinance.

A claim of unnecessary hardship cannot be based upon self-created conditions. *Suess* v. *Vogelgesang* (1972), 151 Ind.

App. 631, 281 N.E.2d 536; *Board of Zoning Appeals of City of Hammond* v. *Waskelo* (1960), 240 Ind. 594, 168 N.E.2d 72. Although the McFaddens relied upon the erroneous oral authorization of the Whiting Building Commissioner, the two-family dwelling zoning classification for the McFadden property was information readily accessible to the McFaddens and the Building Commissioner. As this Court pointed out in *Suess* v. *Vogelgesang, supra,* 151 Ind. App. at 638, 281 N.E.2d at 541, the owner who commences construction in violation of a zoning ordinance "runs the extreme and very real risk of losing his investment. . . ."[2] The Building Commissioner's erroneous authorization in this case does not limit the Board's discretion to grant or deny a variance. Pursuant to IC 1971, 18-7-5-82, the Board must consider the public interest as well as the hardship to the applicant. The evidence before the Board was not without conflict concerning the public interest in limiting the area at issue to two-family dwellings. The evidence before the Board supports the Board's determination that the McFaddens failed to show the type of unnecessary hardship authorizing the grant of a variance and does not lead to the sole conclusion that the variance should have been granted.

The trial court erroneously substituted its judgment for the Board's. Therefore, the judgment of the trial court is hereby reversed and remanded with instructions to reinstate the decision of the Board of Zoning Appeals of the City of Whiting.

Hoffman, J. and Garrard, J. concur.

NOTE.—Reported at 337 N.E.2d 576.

---

2. In *Suess* v. *Vogelgesang* (1972), 151 Ind. App. 631, 281 N.E.2d 536, this Court stated that although hardship cannot be premised upon self-created conditions if hardship exists independently of, and without regard to, the conditions created by the applicant, such hardship can sustain the granting of the variance. The McFaddens neither alleged nor presented evidence as to any independent hardship.