ANDERSON LUMBER & SUPPLY COMPANY *v.*
FLETCHER ET AL.

[No. 28,589. Filed January 6, 1950. Rehearing denied April 20, 1950. Motion for Reconsideration denied June 7, 1950.]

384

Young, J., not participating.

*Bernard Stroyman;* and *Fansler, Fauvre, Young & Chambers,* all of Indianapolis, for appellant.

*Baker & Orbison,* of Indianapolis, for appellees.

JASPER, C. J.—This is an appeal from a permanent injunction obtained in the lower court against appellant for violation of the Indianapolis Zoning Ordinance.

Appellant operates a lumber and building supply business on parts of three lots in Monticello Addition to the City of Indianapolis, which lots, under a city ordinance, are zoned for dwelling purposes.

Appellees are the owners of property near that of appellant.

Appellees sought in this action to enjoin appellant from constructing new structures and from operating a heating plant in a building being constructed until a variance was granted, and mandatory relief to restore the property to the condition it was in at the time the real estate was annexed to the city.

Appellant's answer set up, among other things, the action of the Board of Zoning Appeals of the City of Indianapolis. Appellant filed a cross-complaint for injunction, alleging that appellees threatened appellant with a multiplicity of suits.

The lower court decreed that appellant be enjoined and restrained from erecting any structure or structures in connection with its business on the East Half of Lots 1 and 2, and from further storing lumber on the West portion of Lot 3, in Monticello Addition, without first applying to the Board of Zoning Appeals of the City of Indianapolis for, and obtaining, a variance from said board. Relief was denied appellant.

Appellant assigns as error the overruling of its motion for a new trial on the grounds that the decision is contrary to law, is not sustained by sufficient evi-

dence, and that the court erred in admitting certain evidence.

Appellees assigned cross-errors. However, no foundation was laid in the trial court for such assignment. Questions assigned by cross-errors cannot be presented for the first time on appeal. *Town of Windfall City* v. *First Nat. Bank* (1909), 172 Ind. 679, 689, 87 N. E. 984, 89 N. E. 311; *Guard* v. *Guard* (1946), 116 Ind. App. 396, 64 N. E. 2d 802.

All facts were stipulated subject to the right to object on the ground of relevancy or materiality. The stipulation included the testimony of certain witnesses admitted by the court over appellant's objection.

The evidence most favorable to appellees discloses that on March 12, 1923, the City of Indianapolis annexed, with other real estate, Lots 1, 2, and 3 in Monticello Addition, on a part of which appellant's place of business was then being operated. Prior to annexation, several buildings were placed on Lots 1 and 2. Lot 3 was owned by one Elizabeth K. Selvage. Prior to annexation she conveyed a 15-foot strip to a railroad company for the purpose of bringing a spur track into appellant's lumber yard. On October 29, 1924, appellant leased the West portion of Lot 3. The city zoning ordinance was passed and became effective December 20, 1922. Appellant has applied for, and been granted, variances at different times covering construction other than asked for in the application filed in July, 1947. In 1945 appellant began stacking lumber on the West portion of Lot 3. There was also evidence that the East Half of Lot 1 was not used for the parking of vehicles until 1946. In November, 1947, appellant began construction of a cement-block building to house a heating plant and boiler on Lot 2. Special damages were shown.

On July 2, 1947, appellant filed its application for a variance to permit the extension of the existing lumber yard to the East portion of Lots 1 and 2 and the West portion of Lot 3 in Monticello Addition. The application included appellant's claim that it was entitled to extend its use without a variance. Appellees and others were notified of the filing of the application, and a hearing was held. Appellees were present in person and by counsel. At such hearing the Board of Zoning Appeals found that it had no jurisdiction to hear said verified application, and dismissed the same by an order duly made and entered on July 14, 1947, the pertinent parts of which are as follows:

"And the Board having examined said application, and having been duly advised in the premises, now finds that the same should be dismissed because this Board has no jurisdiction to consider such application for the reason that said East portions of Lots 1 and 2, respectively, and the West portion of Lot 3 have always formed an integral part of applicant's lumber yard, and that such use as a lumber yard was established before the enactment of General Ordinance 114 of 1922 and before the territory including the lots involved here was annexed to and became a part of the City of Indianapolis, by Special Ordinance No. 5 of 1923.

"The Board further finds that at the time applicant's lumber yard was established, Elizabeth K. Selvage, the then owner of Lot 3, consented to the West portion thereof becoming a part of applicant's lumber yard, in that on February 29, 1923, said owner conveyed a strip of ground off the West portion thereof to the C. I. & L. Railroad Company for the purpose of bringing in a spur track from its main track into applicant's lumber yard. And, subsequently, said Elizabeth K. Selvage conveyed said West portion of Lot 3, which has no ingress or egress except through applicant's lumber yard, to applicant.

"IT IS THEREFORE CONSIDERED AND ORDERED that the application of the Anderson Lumber and Supply Company be and the same hereby is dismissed for want of jurisdiction by this Board."

No petition for a writ of certiorari was filed following this order.

This court will not weigh the evidence. There is evidence favorable to appellees by which the lower court found that appellant did not possess the privilege of doing the acts enjoined by the court unless such privilege was extended to it by action taken by the Board of Zoning Appeals.

Appellant contends that the whole of Lots 1, 2, and 3 were devoted to a nonconforming use at the time they were annexed to the city. By the judgment below it was determined that the nonconforming use did not exist at the time the ordinance became effective on the East Half of Lots 1 and 2 and the West portion of Lot 3. There was evidence to support this finding.

The basic question to be determined is the effect of the above order of the Board of Zoning Appeals.

Appellant contends that its real estate is not subject to the zoning ordinance; that it could extend its business without the granting of a variance; that the order of the Board of Zoning Appeals was against appellees, and, not being appealed from, was final and conclusive, and that the injunction was an improper collateral attack upon the order. Appellees contend that the order was a dismissal of the petition for variance and left the parties in the same situation as if no petition was filed.

The order does not grant or deny the petition for variance or exceptions. It finds, for various reasons,

that it has no jurisdiction, and dismisses the petition. The dismissal was equavalent to a non-suit. *Montgomery* v. *Jones* (1854), 5 Ind. 526, 527. See also *Weigley* v. *Coffman* (1891), 144 Pa. 489, 22 Atl. 919; *Smith* v. *McNeal* (1883), 109 U. S. 426, 429, 27 L. Ed. 986, 3 S. Ct. 319; and 17 Am. Jur., Dismissal and Discontinuance, § 78, p. 96. Certainly this cannot be construed as a finding against appellees.

Although the Board of Zoning Appeals had a right to determine its own jurisdiction (42 Am. Jur., Public Administrative Law, § 109, p. 440), it could not act in excess of the power granted it under the statutes and zoning ordinance, and any acts in excess of these were *ultra vires* and void. The declaratory finding of the Board of Zoning Appeals in its order was void, since it had only jurisdiction to grant or deny a variance. Yokley, *Zoning Law and Practice* 226, § 119; *City of Indianapolis* v. *Ostrom Realty, etc., Co.* (1932), 95 Ind. App. 376, 176 N. E. 246; *Applestein* v. *Baltimore* (1928), 156 Md. 40, 143 Atl. 666; *Nicolai* v. *Board of Adjustment, etc.* (1940), 55 Ariz. 283, 101 P. 2d 199; *Zoning Appeals Board* v. *McKinney* (1938), 174 Md. 551, 199 Atl. 540, 117 A. L. R. 207; *Matter of Long Island R. R. Co.* v. *Hylan* (1925), 240 N. Y. 199, 148 N. E. 189.

On July 14, 1947, the date of the order on appellant's application for a variance filed on July 2, 1947, the statute applicable was § 4, Acts of 1921, ch. 225, p. 660, as amended by § 2, Acts of 1925, ch. 125, p. 304 (§ 48-2304, Burns' 1933). In interpreting this statute, the court said in *O'Connor* v. *Overall Laundry, Inc.* (1934), 98 Ind. App. 29, 34, 35, 183 N. E. 134, 137:

> "From the language we hold that the board of zoning appeals has power to permit and authorize exceptions and variations from the district regulations in the class of cases or the particular situations *specified in the ordinance.* In the instances set out in the ordinance and in absolutely no other instance has the board any power to 'vary.' "

Neither the zoning ordinance nor the statute gave the board power to make binding determinations that a variance was not necessary.

Appellant contends that it did not need a variance because its real estate was a continuance of a nonconforming use. However, its petition was for a variance. These theories are irreconcilable. Yokley, *Zoning Law and Practice* 223, § 117; *National Lumber Products Co.* v. *Ponzio* (1945), 133 N. J. L. 95, 42 A. 2d 753. In *Kaufman* v. *City of Glen Cove* (1943), 180 Misc. 349, 45 N. Y. S. 2d 53, 62, affirmed 1943, 266 App. Div. 870, 42 N. Y. S. 2d 508, the court said:

> "In a proceeding for a variance any issue as to whether, as a matter of law, the contemplated use of a petitioner's property is forbidden or allowed by the zone ordinance is collateral. It is neither relevant to the question involved, nor is it within the scope of the issue properly before the board or the court for decision. For implicit in every variance proceeding is the justified assumption that the ordinance prohibits the proposed use. Consequently, in such proceeding, any decision as to whether the ordinance, by its terms, does or does not prohibit the proposed use, is unnecessary and is a decision upon an immaterial issue. It is well established that any decision upon an immaterial issue is not binding in future litigation."

See also 58 Am. Jur., Zoning, § 261, p. 1076; *Trook* v. *Crouch* (1924), 82 Ind. App. 309, 137 N. E. 773; *Bur-*

*rell* v. *Jean* (1925), 196 Ind. 187, 146 N. E. 754; *Roberts* v. *Leutzke* (1907), 39 Ind. App. 577, 78 N. E. 635.

This court, through Judge Starr, in *Fidelity Trust Co.* v. *Downing* (1946), 224 Ind. 457, 464, 68 N. E. 2d 789, 792, said:

"Although it would not be a nuisance *per se,* an individual who shows that the erection of a building is forbidden by a valid ordinance and shows in addition that its erection will work special damages to him and his property, is entitled to relief by injunction."

Appellant contends that certain evidence was erroneously admitted over its objection, the objection being based upon appellees' alleged failure to appeal the order and decision of the Board of Zoning Appeals, and the fact that the lower court was trying the case *de novo.* This objection is not tenable in view of our holding as to the effect of the board's order.

Appellant also contends that appellees are precluded from disputing that the West portion of Lot 3 always formed an integral part of appellant's lumber yard, for the reason that it stipulated this to be true. From the reading of the entire stipulation, rather than of individual sentences, we do not so interpret it.

In view of what we have decided, it was not error to deny appellant relief on its cross-complaint.

Judgment affirmed.

Young, J., not participating.

NOTE.—Reported in 89 N. E. 2d 449.