KESSLER-ALLISONVILLE CIVIC LEAGUE, INC., ET AL. *v.* MARION COUNTY BOARD OF ZONING APPEALS ET AL.

[No. 20,264. Filed July 19, 1965. Rehearing denied August 16, 1965. Transfer denied October 7, 1965.]

*L. J. Mills,* and *White, Mills, Hoffmark & Pantzer,* of counsel, of Indianapolis, for appellants.

*Norman R. Newman, L. Keith Bulen,* and *Dann, Backer & Pecar, William F. LeMond, William B. Patrick, Nick G. Ricos,* of counsel, of Indianapolis, for appellees.

HUNTER, J.—This is an appeal from a review by the Marion County Superior Court of a variance granted by the Marion County Board of Zoning Appeals. The petitioners (also, appellees herein) petitioned the Board for approval to construct five (5) apartment buildings containing 126 units on a 9.4 acre tract of land in the northeast quadrant of Kessler Boulevard and Allisonville Road in Marion County. The variance from an R-1 classification was granted and several adjoining landowners and the Kessler-Allisonville Civic League, Inc. filed a petition for writ of certiorari which writ was thereafter issued. The trial court entered judgment upholding the decision of the Board and entered special findings of fact and conclusions of law thereon.

Appellants allege that the trial court erred in overruling their motion for a new trial. There are several questions presented under this assignment which we will consider separately.

Appellants argue that the trial court, in its special findings, did not comply with Supreme Court Rule 1-7C which provides:

"In all actions to modify, set aside, vacate or enjoin the carrying out of any order of any board, bureau, commission, or administrative body, or upon any appeal therefrom, the court hearing the matter shall find the facts specially and state its conclusions of law thereon which constitute the grounds of its action including the granting or refusal of any interlocutory order or the entering of any judgment."

To adequately demonstrate the question on this point, we must set forth the trial court's findings of fact, which are in pertinent part as follows:

"1. That the plaintiffs are aggrieved by a certain decision of the defendant, Marion County Board of Zoning Appeals, made at public hearing on the 10th day of September, 1963, wherein a variance was granted authorizing the construction of three (3) two and one-half story apartment buildings and two (2) four-story apartment buildings upon a certain 9.4 acre tract of land owned by defendants, William V. Lawler and Ruth R. Lawler, in Marion County, Indiana, and more particularly described as follows:"

(here, the property is described)

"2. That all of the evidence in this cause, the transcript of proceedings before the defendant administrative board, and the exhibits introduced therein and herein, disclose that there was substantial evidence of probative value authorizing the grant of the variance on the grounds that:

"(a) The grant will not be injurious to the public health, safety, morals and general welfare of the community;

"(b) The use or value of the area adjacent to the property included in the variance will not be adversely affected;

"(c) A need for the variance arises from some condition peculiar to the property and does not exist in similar property in the same zone;

"(d) The strict application of the terms of the ordinance will constitute an unusual and unnecessary hardship if applied to the property for which a variance is sought;

"(e) The grant of the variance does not interfere with the Metropolitan Comprehensive Plan adopted pursuant to Sections 31 through 37 of this Act (ch. 382, Acts 1955); provided that, no zoning ordinance or ordinances classifying or restricting the use of or otherwise applicable to the property involved shall be considered to be a part of such Metropolitan Comprehensive Plan.

"3. That the plaintiffs in this cause failed to introduce any evidence disclosing that the decision of the administrative body appealed from was arbitrary, capricious, illegal, and without foundation in law or fact.

"4. That the defendant, Marion County Board of Zoning Appeals, did make a detailed finding of fact and decision legally sufficient to justify its determination and decision.

"5. That the defendant, Marion County Board of Zoning Appeals, does have the legal authority, independent of the Metropolitan Plan Commission of Marion County, to authorize a change in use of land within its territorial jurisdiction upon a proper showing of evidence pursuant to special finding of facts, as set forth in paragraph 2 (a), (b), (c), (d), and (e) above, which said defendant administrative board properly exercised in this cause.

"6. That all of the evidence in this cause fails to disclose that the zoning hardship existing upon the land in controversy was imposed by acts or omissions of the defendant property owners, William V. Lawler and Ruth R. Lawler.

"7. That the defendant, Marion County Board of Zoning Appeals, is not compelled to base its decision upon the written opinion of the administrative staff of the Metropolitan Plan Commission of Marion County, and disregarding said written opinion was not an arbitrary, capricious, or illegal act.

"8. That there was no evidence introduced which evidences that the plaintiffs in this cause are suffering a taking of their property without just compensation.

"9. That the evidence and facts in this cause are with the defendants and against the plaintiffs."

It is alleged that these findings are insufficient in that they are too general by being in the words of the statute and that therefore, they do not follow the rule of the cases of *Pub. Serv. Comm. v. Ft. Wayne*

*U. Ry. Co.* (1953), 232 Ind. 82, 111 N. E. 2d 719, and *Kosciusko County, etc.* v. *Public Service Comm.* (1948), 225 Ind. 666, 77 N. E. 2d 572.

These cases involved review of Public Service Commission orders wherein said Commission did not enter special findings sufficient to base a proper conclusion. The Indiana Supreme Court stated the rule that special findings of the *Commission* in its decision must be specific enough to enable the reviewing court to consider the Commission's decision intelligently in *Pub. Serv. Comm.* v. *Ft. Wayne U. Ry. Co.*, *supra*, at p. 97. The *Kosciusko* case, *supra*, recognizes that there must be special findings of fact upon which the conclusions to be determined can be reached. Notwithstanding the fact that both of the above cases concern judicial review of *administrative* orders and not judicial review of a trial court's judgment and are otherwise not in point, we recognize these to be general rules governing special findings of fact. With these rules in mind, we must hold that the trial court did not err in its special findings of fact.

The trial court is given a guideline in Burns' §53-979 as to the extent of its review of Zoning Board decisions:

*"The court may decide and determine the sufficiency of the statements of illegality contained in the petition without further pleadings and may make its determination and render its judgment with reference to the legality of the decision of the board of zoning appeals on the facts set out in the return to the writ of certiorari.*

If the court determines that testimony is necessary for the proper dispostion (disposition) of the matter, it may take evidence to supplement the evidence and facts disclosed by the return to the writ of certiorari, but no such review shall be by trial de novo.

In passing upon the legality of the decision of

the board of zoning appeals, the court may reverse or affirm, wholly or in part, or may modify the decision of the board of zoning appeals brought up for review . . . (Acts 1955, ch. 283, §79, p. 786.)" (our emphasis)

We have recently held that when reversing the Board's denial of a variance, all of the statutory causes for such variance must be unequivocally present considering the evidence presented before the Board and before the trial court. *Board of Zon. App.* v. *American Fletcher Nat. B. & T. Co.* (1965), 138 Ind. App.—, 205 N. E. 2d 322. This is the rule when the aggrieved party asserts that the Board's decision is illegal in that the causes for a variance in fact exist as a matter of law. Necessarily, the causes for a variance as found in Burns' §53-969 are to be considered controlling factors by both the Board and the trial court when the question as to whether a variance should be granted exists. These causes for a variance are therefore usually important insofar as they pertain to the Board's determination and the trial court's review thereof for illegality. This is especially true in the case at bar considering the questions that were presented to the trial court by the petition for writ of certiorari.

The appellants first alleged in their petition that the applicants failed to introduce any material, relevant or probative evidence on each particular cause for variance as found in Burns' §53-969, *supra.* Upon this issue, the trial court found that, from all the evidence both before the Board and trial court, there was substantial evidence of probative value authorizing the granting of the variance on the grounds found in the statute. Appellants also alleged that the Board's finding was illegal in certain particulars. The trial court addressed itself to these allegations by findings Nos. 3 and 4. Appellants further

alleged that the Board acted illegally in rezoning the area. The trial court's finding No. 5 pertains to this contention. Thus, these and the other issues raised by appellants in their petition were disposed of with a finding by the trial court. It is the rule in Indiana that the findings of fact of a trial court in a civil proceeding must be in accordance with the allegations of the complaint. *Burkhart* v. *Simms, Admr.* (1945), 115 Ind. App. 576, 587, 60 N. E. 2d 141. Likewise, a trial court reviewing a Zoning Board decision should only consider those issues raised by the petition for a writ of certiorari. This conclusion is clear from reading the emphasized portion of the above statute. The trial court in the instant case therefore acted correctly in only finding on those issues raised by appellants herein in their petition. The procedure to be followed for a trial court's review of variance petitions can thus be summarily stated in this manner:

> (1) The Board should make its determination as to whether or not a variance should be granted, basing its decision on the presence or lack thereof of the causes for a variance as found in Burns' §53-969, *supra*.

> (2) The aggrieved party, in its petition for a writ of certiorari, must state therein, in its allegations, how the decision is illegal, for the trial court can only review the board's decision to determine if illegalities exist. (Burns' §53-979, *supra*)

> (3) The trial court should follow the allegations of the petition and enter its findings pursuant to Supreme Court Rule 1-7C, *supra*, concluding whether or not any of the allegations of illegality exist.

We find complete compliance by the trial court with the latter mode of procedure in the case at bar and therefore conclude that the trial court did not err in its findings of fact.

Appellants next urge that the Board did not enter

proper findings in that they were not "legally sufficient". Here, appellants also argue that there is a lack of evidence to sustain the findings of the Board. Upon a thorough review of the record, we hold that there is sufficient evidence to sustain the findings of the Board, which for illustrative purposes, are as follows:

1. The grant will not be injurious to the public health, safety, morals, and general welfare of the community inasmuch as: Sanitary sewer will be utilized and surface waters will be properly drained also the buildings will be in keeping with the type of neighborhood which now prevails.

2. The use or value of the area adjacent to the property included in the variance will not be adversely affected inasmuch as: the proposed improvement will not detract from the general appearance of the neighborhood and will be screened by large trees which are not to be removed.

3. The need for the variance arises from some condition peculiar to the property involved and does not exist in similar property in the same zone in that; the land is not desirable for single family residences because Allisonville Road and East Kessler Boulevard has become a major intersection.

4. That strict application of the terms of the ordinance will constitute an unusual and unnecessary hardship if applied to the property for which a variance is sought in that: the owners cannot utilize the land for the construction of single family residences.

5. The grant of the variance does not interfere with the metropolitan comprehensive plan adopted pursuant to Secs. 31 through 37 of this act: Provided, that no zoning ordinance or ordinances classifying or restricting the use of or otherwise applicable to the property involved shall be considered to be a part of such metropolitan plan.

Note that following the conclusion that must be reached under Burns' §53-969, *supra,* the Board in-

dicates *why* it reached such determination with the exception of finding No. 5. We believe that this procedure is commendable and is certainly not erroneous. Such findings in and of themselves are therefore "legally sufficient".

Finally, appellants argue that the Board and the trial court committed error in not making a finding about the character of the neighborhood and the apartment buildings' effect on such character. This exact type of finding is not required by Burns' §53-969, *supra*. Further, causes Nos. 1, 2 and 3 in §53-969, *supra*, are generally concerned with the effect of the granting of the variance on the neighborhood. Findings on these and the other elements as found in the statute are sufficient, for it is only necessary that the Zoning Board follow the statute. *Anderson Lumber, etc., Co.* v. *Fletcher* (1950), 228 Ind. 383, 390, 89 N. E. 2d 449.

In conclusion, we observe that here again, the appellants are in essence requesting us to review the evidence and make a separate determination on the merits of the variance. We repeat the maxim which prevails in all judicial reviews of administrative agencies' determinations. We do not review Zoning Boards' decisions " . . . for the purpose of determining the merits of the discretion exercised by the administrative board". *Nelson* v. *The Board of Zoning Appeals etc.* (1959), 240 Ind. 212, 217, 162 N. E. 2d 449. This rule governs the trial court's review of Zoning Board decisions as well as our second review of such.

For all of the foregoing reasons, the decision of the trial court affirming the Marion County Board of Zoning Appeals should be affirmed.

Affirmed.

Bierly, C.J., and Smith, J. concur.

Mote, J. Not Participating.

NOTE.—Reported in 209 N. E. 2d 43.