DEVON CIVIC LEAGUE, INC., ET AL. *v.* MARION COUNTY BOARD
OF ZONING APPEALS ET AL.

[No. 20,468. Filed March 15, 1967. Rehearing denied June 28, 1967.
Transfer denied October 31, 1967.]

*John J. Rochford* and *Raikos, Rochford, Melangton &
Dougherty,* of counsel, both of Indianapolis, for appellants.

*Henry M. Coombs, F. Robert Lively* and *Nick G. Ricos,* of
counsel, all of Indianapolis, for appellees.

COOPER, C. J.—This matter comes to us for review of a negative decision rendered by the Superior Court of Marion County, Room 1, from a Certiorari proceeding brought by the Appellants pursuant to Section 53-974 of Burns' Indiana Statutes, against the Appellees herein.

It appears from the record now before us that the Marion County Board of Zoning Appeals granted a variance of use, height, and land area of certain real estate located in Marion County, Indiana.

The issue presented to the reviewing Court below was the legality of the variance granted by the said Board of Zoning Appeals. The averments of the Appellants' Petition for Writ of Certiorari were, in substance, that the Board conducted its hearing illegally, and in contravention of its own rules; that the Board exceeded its statutory jurisdiction in entertaining such hearing; and that the determinations, findings and decisions of the Board were illegal, arbitrary, capricious, not supported by sufficient evidence and contrary to law. The issues were closed in the usual statutory manner, by the issuance of the Writ of Certiorari, and the subsequent filing by the Marion County Board of Zoning Appeals with the reviewing Court a full, complete and certified transcript of the proceedings had before said Board.

After submission the reviewing Court made and entered the following findings of fact and conclusions of law pursuant to Rule 1-7 (c) of the Supreme Court of Indiana:

"This matter came on to be heard on the 21 day of April, 1965, upon petitioners' verified Petition for Writ of Certiorari followed by issuance of a Writ of Certiorari to the defendant, Marion County' Board of Zoning Appeals, and the filing of a verified return thereto by said Board of Zoning Appeals, consisting of true and correct copies of all the matters of proceedings, orders, entries and papers in connection with the decision appealed from.

"And the parties having appeared by counsel and presented to the Court the duly verified return to the Writ of

Certiorari and having further identified and introduced as exhibits in this cause the photographs, maps, plans, official communications and other exhibits introduced in public hearing before the administrative board below, and the Court having read and examined the return to the Writ of Certiorari, and having examined the transcript of the testimony before the administrative board below, together with the photographs, maps, plans, official communications and other exhibits introduced below, and having further heard the arguments of counsel, and being fully advised in the premises, the Court, pursuant to Rule 1-7C of the Supreme Court of Indiana, makes the following findings of fact and conclusions of law thereon:

"1. That a certain decision of the defendant, Marion County Board of Zoning Appeals was made at public hearing on the 12th day of May, 1964, wherein a variance was granted authorizing the construction of one (1)—Twenty (20) story apartment building consisting of Two Hundred (200) units upon a certain fourteen (14) acre tract of land owned by defendants, Merchants National Bank & Trust Company, Trustee, in Marion County, Indiana, and more particularly described as follows:

"Part of the Southwest Quarter of Section 9, Township 16 North, Range 4 East, in Marion County, Indiana, more particularly described as follows:

"Beginning at the Southwest corner of said Southwest Quarter of Section 9, Township 16 North, Range 4 East, thence North along the West line of same a distance of 400.0 feet to a point, thence East with a deflection angle of 89° 44′ Right a distance of 116.2 feet to a point, thence North with a deflecting angle of 89° 44′ left a distance of 814.0 feet to a point, thence East with a deflection angle of 89° 44′ right a distance of 789.0 feet to a point, thence southwest with a deflection angle of 134° 26′ right a distance of 650.4′ to a point, thence South with a deflection angle of 44° 54′ left a distance of 180.2′ to a point, thence Southeast with a deflection angle of 45° 06′ left a distance of 242.5′ to a point in the center line of Millersville Road, thence Southwest and along said center line with a deflection angle of 71° 58′ right a distance of 455.0′ to a point on the South line of said Southwest Quarter of Section 9, Township 16 North, Range 4 East, thence West along said South line with a deflection angle 64° 40′ right a distance of 427.9′ to the place of beginning, containing in all 14.0 acres, more or less.

"Subject, however, to any and all legal highways or rights of way.

"2. That all of the evidence in this cause, the transcript of proceedings before the defendant administrative board, and the exhibits introduced therein and herein, disclose that there was substantial evidence of probative value authorizing the grant of the variance on the grounds that:

"(a) The grant will not be injurious to the public health, safety, morals and general welfare of the community;

"(b) The use or value of the area adjacent to the property included in the variance will not be adversely affected;

"(c) A need for the veriance arises from some condition peculiar to the property and does not exist in similar property in the same zone;

"(d) The strict application of the terms of the ordinance will constitute an unusual and unnecessary hardship if applied to the property for which a variance is sought;

"(e) The grant of the variance does not interfere with the Metropolitan Comprehensive Plan adopted pursuant to Sections 31 through 37 of this Act (Ch. 283, Acts 1955) ; provided that, no zoning ordinance or ordinances classifying or restricting the use of or otherwise applicable to the property involved shall be considered to be a part of such Metropolitan Comprehensive plan.

"3. That the plaintiffs in this cause failed to introduce any evidence disclosing that the decision of the administrative body appealed from was arbitrary, capricious, illegal, or without foundation in law or fact.

"4. That the defendant, Marion County Board of Zoning Appeals, did make a detailed finding of fact and decision legally sufficient to justify its determination and decision.

"5. That the Defendant, Marion County Board of Zoning Appeals, does have the legal authority, independent of the Metropolitan Plan Commission of Marion County, to authorize a change in use of land within its territorial jurisdiction upon a proper showing of evidence pursuant to special finding of facts, as set forth in Paragraph 2 (a), (b), (c), (d), and (e) above, which said defendant administrative board properly exercised in this cause.

"6. That the defendant, Marion County Board of Zoning Appeals, is not compelled to base its decision upon the written opinion of the administrative staff of the Metropolitan Plan Commission of Marion County, and disregarding or accepting said written opinion was not an arbitrary, capricious, or illegal act.

"7. That there was no evidence introduced which evidences that the plaintiffs in this cause are suffering a taking of their property without just compensation.

"8. That the evidence and facts in this case are with the defendants and against the plaintiffs.

"9. That the law is with the defendants and against the plaintiffs.

"WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the decision of the Marion County Board of Zoning Appeals appealed from is legal and proper, and it is hereby wholly confirmed, and it is further ordered and decreed that the plaintiffs pay the costs herein and that the judgment be so entered in favor of the defendants and against the plaintiffs."

We note that within the proper time after the reviewing Court's decision, the Appellants filed their Motion for a New Trial, averring ten different specifications of alleged error. The Court overruled the Motion for New Trial and these proceedings followed.

In both oral argument before this Court and in the Appellants' Brief, it was the contention of the Appellants, in substance, that the decision of the Board of Zoning Appeals was illegal as a matter of law in the following particulars: that the decision was not supported by the evidence, was contrary to the evidence, was contrary to law as being beyond the scope of the Board's jurisdiction, and that the Board abused its discretion.

After carefully reviewing the evidence in the record now before us, we cannot as a matter of law agree with the Appellants' contentions.

The pertinent statute involved is Section 53-969, Burns' Indiana Statutes, which gives to the Board of Zoning Appeals

broad powers with five specific exceptions. We proceeded to examine the findings of the Board with the evidence submitted to the Board, including exhibits, documents, plans and photographs. This review affirmatively reveals that there is substantial evidence of probative value upon which the Board could legally base its findings and decision in granting the variance. Therefore, the decision of the Board of Zoning Appeals in this cause was subject to review by the Superior Court of Marion County only for the purpose of determining whether the action of the Board was illegal in granting the variance, as a matter of law. Section 53-979, Burns' Indiana Statutes; *Board of Zoning Appeals of the City of Indianapolis* v. *American Fletcher National Bank* (1965), 139 Ind. App. 9, 205 N.E. 2d 322; *Fryer et al. City of New Albany, Etc., et al.* (1963), 135 Ind. App. 454, 194 N. E. 2d 417, 420; *Board of Zoning Appeals of City of Mishawaka* v. *School City of Mishawaka* (1957) 127 Ind. App. 683, 689, 145 N. E. 2d 302.

The following are several general rules of law which are binding upon the Superior Court of Marion County, and also upon this Court. The review by the Superior Court of Marion County is not a trial de novo and the reviewing Court cannot substitute its decision for that of the Board of Zoning Appeals. See *Board of Zoning Appeals of City of Indianapolis* v. *American Fletcher National Bank, supra; Board of Zoning Appeals of the City of Mishawaka* v. *School City of Mishawaka, supra; City of South Bend* v. *Marckle, et al.,* (1939), 215 Ind. 74, 18 N. E. 2d 764. The action of the Board of Zoning Appeals in granting or refusing to grant a variance cannot be declared illegal by the reviewing court except on a clear showing of abuse of discretion. See Vol. 30, West's Indiana Law Encyclopedia, *Zoning,* Sec. 10, (1964 Supp.) p. 47, and authority cited therein. The reviewing Court may not weigh the evidence submitted to the Board, nor substitute its judgment or decision for that of the Board, but can only determine whether or not there is any substantial

evidence of probative value which is competent as the foundation for the decision of the Board. See Vol. 30, West's Indiana Law Encyclopedia, *Zoning*, Sec. 10 (1964 Supp.) p. 40, and authority cited therein; *Keeling, et al.* v. *Board of Zoning Appeals, et al.*, (1947) 117 Ind. App. 314, 69 N. E. 2d 613.

We find from the record that the Superior Court of Marion County observed the foregoing guidelines and further, that it followed the statutory requirements of Burns' Indiana Statutes, Sec. 53-979. The foregoing statute provides, in part, . . . "may make its determination and render its judgment with reference to the legality of the decision of the Board of Zoning Appeals . . .".

The Appellants complain of the findings of fact of the reviewing Court below. An examination of the findings of fact reveals that they comply substantially with Rule 1-7 (c) of the Rules of the Supreme Court of Indiana. Furthermore, the findings of fact are very similar to those this Court approved in the recent case of *Kessler-Allisonville, C. J.*, v. *Marion County Board of Zoning Appeals* (1965) 137 Ind. 610, 209 N. E. 2d 43.

The last unanswered proposition complained of by the Appellants in their Brief is the assertion that they were denied the right to cross-examine Petitioners' witnesses, although this point was not raised in the Appellants' Motion for a New Trial. However the record reflects that the Remonstrators were not denied the right to cross-examine the Petitioners' witnesses, and that such witnesses were capably and thoroughly cross-examined. Section 53-967, Burns' Indiana Statutes, authorizes the Board of Zoning Appeals to make rules governing its procedure on zoning appeals. Furthermore, it is the general rule of law that such proceedings are not governed by nor restricted by the technical or formal rules that govern judicial proceedings and the same rules of strictness are not called for or usually

observed in such proceedings. Such procedure is and should be, simple, less formal and less technical than that of judicial procedure. See Vol. 1, West's Indiana Law Encyclopedia, *Administrative Law and Procedure*, Sec. 36, Page 176, and authorities cited therein.

The record now before us indicates that the matter was fairly tried before the Board of Zoning Appeals, that the Superior Court of Marion County properly and fully reviewed the proceedings and decision of the Board of Zoning Appeals and made a correct decision, based upon the evidence and the law applicable to such review. The decision of the Superior Court of Marion County is in all things affirmed.

Carson, Prime, JJ., concur.

Faulconer, J., dissents.

## DISSENTING OPINION

FAULCONER, J.—It is axiomatic that, as a general rule, the court will not reverse the decision of the Board where there is evidence to support it, nor will the court substitute its own judgment for that of the Board.

> "Nevertheless, 'if it should be made to appear that the evidence upon which the agency acted was devoid of probative value; that the *quantum* of legitimate evidence was so proportionately meager as to lead to the conviction that the finding does not rest on a rational basis or that the result of the hearing must have been substantially influenced by improper considerations the order will be set aside.'" Quote from *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 118-19, 26 N. E. 2d 399, 409; *Bd. of Zon. App.* v. *School City of Mishawaka* (1957), 127 Ind. App. 683, 690, 145 N. E. 2d 302; *Blue Ribbon Pie Kitchens* v. *Long* (1952), 230 Ind. 257, 260, 103 N. E. 2d 205; *Pollock* v. *Studebaker Corporation* (1952), 230 Ind. 622, 624, 105 N. E. 2d 513.

The trial court found "[t]hat all of the evidence in this cause, . . . disclose that there was *substantial evidence of*

*probative value* authorizing the grant of the variance . . . (Emphasis supplied.)

> "[A]ll of the statutory causes for such variance must be unequivocally present considering the evidence presented before the Board and before the trial court." *Kessler-Allisonville C. L.* v. *Marion County Bd. of Z. A.* (1965), 137 Ind. App. 610, 209 N.E. 2d 43, 47, 6 Ind. Dec. 109, 113, (Transfer denied).

The appellees state in their brief, at page 8, that

> "[T]he task before this Court is to consider the evidence merely to determine whether or not it was of sufficient probative value to support the finding and determination of the Superior Court."

A review of the evidence most favorable to the appellees does not, in my opinion, meet the requirement that the evidence be of "substantial probative value" on each of the determinants.

The evidence introduced amounts to conclusions only of the witnesses. They are in the form of, "In my opinion the variance, et cetera." If such evidence meets the requirements of "substantial evidence of probative value" then the only possible legitimate appeal from the Board would be in cases where there is a total lack of evidence in the record on a required finding.

I do not feel that the courts have completely relinquished their responsibilities that such an interpretation would most certainly invoke.

There is also, in my opinion, a lack of quality and quantity of evidence on the necessity of changing the use of the property involved. The evidence is unconflicting that this land was zoned in 1950 for a golf course for residents of the area and that the homes were originally sold with this fact as an inducement. That this area is now only suited for high-rise apartment buildings should, in my opinion, be supported by

more substantial evidence than appears in the record before us in this cause.

I would reverse this cause with instructions to the trial court to deny the variance.

NOTE.—Reported in 224 N. E. 2d 66.