MARION COUNTY BOARD OF ZONING APPEALS ET AL.
*v.* TRIVETT ET AL.

[No. 20,130. Filed May 8, 1967. No Petition for Rehearing filed.]

*Nelson G. Grills,* of Indianapolis, for appellants.

*William F. LeMond* and *Kammins, LeMond, Fife & Stewart,* both of Indianapolis, for appellees.

COOK, J.—This action originated when Appellees filed a petition to rezone a certain eleven acre tract of land located near the intersection of Tibbs Avenue and Morris Street in Indianapolis.

Although the Metropolitan Plan Commission approved the application for rezoning, it was rejected by the Marion County Council.

The Appellees then filed a petition for a variance to permit the construction of a truck terminal. This was refused unanimously by the Marion County Board of Zoning Appeals.

An appeal from this adverse action, by way of writ of certiorari, was taken by Appellees to the Marion Superior Court. The Marion Superior Court found that the action of the Board of Zoning Appeals was illegal and void, and authorized the construction of the truck terminal.

This appeal follows.

The trial court made the following relevant findings of fact and conclusions of law:

"4. . . . the disputed 10.5-acre tract of land is centralized in one of the most heavily industrialized sections of metropolitan Marion County, with approximately 75% of the total land area within a mile and a half radius of the site zoned and predominantly used for heavy industrial purposes, . . . and the grant of a variance for such use on the disputed property would not be injurious to the public health, safety, morals and general welfare of the community.

"6. The disputed 10.5-acre tract of land has been classified by the applicable zoning ordinance for many years in an agricultural zoned district and the utilization of the property for agricultural use *in* wholly inconsistent with the general character of the neighborhood, economically unsound and not in the public interest, and the need for a variance to construct a truck terminal upon the disputed property arises from this condition peculiar to the property involved which does not exist in similar property in the same zoning district.

"7. The strict application of the terms of the applicable zoning ordinance restricting this property to continued agricultural use will constitute an unusual and unnecessary hardship to the property because the property is unsuited and unfit for such usage and the property-owner is deprived of substantially all beneficial use and enjoyment of the property while so restrained, and the public is deprived of the benefit of tax revenues which would be produced through a proper improvement of the property in the manner proposed by the petitioner.

"8. The grant of the variance . . . does not interfere with the Metropolitan Comprehensive Plan . . . as there is no evidence of record that the Metropolitan Planning Department or the Metropolitan Plan Commission has given any consideration to the property of the use restrictions upon this property since the creation of that administrative body.

"9. That the continued imposition of the agricultural zoning restriction and ordinance on the petitioners property is invalid and unconstitutional as it affects this property under the existing circumstances hereinbefore set out, and the petitioners have exhausted their administrative remedy in compliance with the law.

"10. That the evidence and facts in this cause are with the petitioners and against the defendants and the petitioners should be authorized to construct and operate a truck terminal upon the premises in controversy."

The only issue this Court need consider is whether the Marion County Board of Zoning Appeals exceeded the authority granted it by law when it denied the petition if the Appellees for a variance.

The decision of the Board of Zoning Appeals was subject to review by the Superior Court only for the purpose of determining whether the action of the Board was illegal as a matter of law. *Devon Civil League* v. *M.C.B. of Z.A.* (1967), 140 Ind. App. 519, 224 N. E. 2d 66; *Board of Zoning Appeals* v. *School City of Mishawaka* (1957), 127 Ind. App. 683, 145 N. E. 2d 302.

The test of whether or not an action of the Board of Zoning Appeals is arbitrary and therefore illegal, has been established in the case of *Board of Zoning Appeals* v. *School City of Mishawaka, supra,* at page 690, as follows:

> "As a general rule the court will not reverse decisions of the Board of Zoning Appeals where there is evidence to support it nor will the court substitute its own judgment for that of the board."

Accepting the evidence most favorable to Appellants, we find that about eighty-five children live in the immediate area of the proposed terminal, that the noise of a twenty-four hour truck terminal would be harmful to the residents of the area, that property values in the area would be lowered, and that the value of a mobile home park adjoining the land in question would be materially reduced.

We cannot say that this evidence was so meager as to show an abuse of discretion on the part of the Board.

The trial judge's findings of fact numbered 7 and 9 concern hardship occasioned by the Appellees as a result of the denial of the variance. We feel that if any hardship exists it is due to the fact that the real estate in question is zoned agricultural, and not in the denial of the use of the property as a truck terminal.

There was no showing that a truck terminal is the only advantageous use to which the property can be put, or that the nature of the property is such that its use as a truck terminal is more suitable than its use for any other general business or industrial purposes.

It is worth noting that the Appellees agree that the change of use from agricultural to use as a truck terminal is properly a subject for zoning, as they attempted to obtain rezoning before they sought the variance.

We find that the trial court erred in substituting its judgment for that of the Board. As the Board was presented with evidence of probative value and weight, its action must be sustained.

The same considerations and the same principles which induced this Court to affirm the judgment of the trial court upholding the decision of the Board in *Kessler-Allisonville Civic League, Inc.* v. *Marion County Board of Zoning Appeals* (1965), 137 Ind. App. 610, 209 N. E. 2d 43, now require us to reverse the judgment of the trial court.

Judgment is reversed with instructions to the trial court to enter its judgment for Appellants and against Appellees.

Reversed with instruction.

Pfaff, P. J., Bierly and Smith, JJ., concur.

NOTE.—Reported in 225 N. E. 2d 852.