CARLTON ET AL. *v.* BOARD OF ZONING APPEALS OF THE CITY OF INDIANAPOLIS ET AL.

[No. 20,735. Filed April 8, 1968. Rehearing denied May 23, 1968. Transfer granted March 19, 1969.]

*Claycombe & Claycombe* and *William D. Ruckelshaus*, of Indianapolis, for appellants.

*Charles G. Castor, Bulen & Castor, Michael B. Reddington, John F. McCann, Jr.,* and *John P. Korbly,* all of Indianapolis, for appellees.

CARSON, C. J.—This is a review of a decision of the Superior Court of Marion County, Indiana, affirming the granting of a variance by the Board of Zoning Appeals of Marion County. The appellees filed a petition for variance and after approval by the Board of Zoning Appeals, the appellants filed an amended petition for certiorari and the court issued its writ to which writ the Board of Zoning Appeals made its return. The trial court made findings of fact and stated its conclusions thereon, deciding the issues against the appellants and affirming the decision of the Board of Zoning Appeals. To this action, appellants filed a motion for a new trial which was overruled and which action is amended as error for our consideration.

The appellants alleged in their petition for certiorari and urged in the trial court and in this court that the Board of Zoning Appeals failed to make detailed written findings of

fact and failed to make a determination in writing that the grant of variance did not interfere with the Metropolitan Comprehensive Plan as required by law. The trial court made specific findings that the Board had met the requirements of law regarding these two matters.

Acts of 1959, ch. 380, § 25, p. 1033, being § 53-969, Burns' 1964 Replacement, provides as follows:

"The city and county board of zoning appeals and the metropolitan board of zoning appeals are hereby authorized to grant height, bulk, area and use variances in the manner hereinafter set forth. Both city or county board of zoning appeals and the metropolitan board of zoning appeals may grant petitions for variance in their entirety or in part only and upon such conditions as they may deem proper but only if such city or county board of zoning appeals or metropolitan board of zoning appeals, as the case may be, shall make the following determinations in writing, together with in the case of variances of use detailed written findings of face [fact] sufficient to support such determinations:

"1. The grant will not be injurious to the public health, safety, morals, and general welfare of the community.

"2. The use or value of the area adjacent to the property included in the variance will not be adversely affected.

"3. The need for the variance arises from some condition peculiar to the property involved and does not exist in similar property in the same zone.

"4. The strict application of the terms of the ordinance will constitute an unusual and unnecessary hardship if applied to the property for which a variance is sought.

"5. The grant of the variance does not interfere with the metropolitan comprehensive plan adopted pursuant to sections 31 through 37 [§§ 53-931—53-937] of this act: Provided that no zoning ordinance or ordinances classifying or restricting the use of or otherwise applicable to the property involved shall be considered to be a part of such metropolitan comprehensive plan."

Judge Hunter, speaking for this court in *Board of Zoning Appeals* v. *American Fletcher Nat. B. & T. Co.* (1965), 139 Ind. App. 9, 205 N. E. 2d 322, at page 324, in reversing a

decision of the trial court which had granted a variance denied by the Zoning Board, stated:

"[E]ach cause in § 53-969, *supra,* for a variance must be unequivocally present, giving wide construction to the total of the evidence introduced both before the Board and that given before the trial court, . . ."

We feel that in order to determine that question in this case before us, it is necessary that we set out the findings by the Board which was reviewed by the trial court and measure them in light of the statute, *supra,* and of the decisions heretofore handed down by this court to determine whether or not the action of the Board met the required tests.

"INDIANAPOLIS BOARD OF ZONING APPEALS
VARIANCE NO. 614-64
FINDING OF FACTS
ON
PETITION FOR VARIANCE OF ZONING ORDINANCE

"Yes  1.  The grant of the variance will not be injurious to the public health, safety, morals, and general welfare of the community because_____

"Yes  2.  The use or value of the area adjacent to the property including in the variance will not be adversely affected because _____

"Yes  3.  The need for the variance arises from some condition peculiar to the property involved and does not exist in similar property in the same zoning district because

_____

"Yes  4.  The strict application of the terms of the ordinance will constitute an unusual and unnecessary hardship if applied to the property for which a variance is sought because _____

"Yes  5.  The grant of the variance does not interfere with the metropolitan comprehensive plan since no zoning ordinance or ordinances classifying or restricting the use of or otherwise applicable to the property involved shall be considered to be a part of such metropolitan comprehensive plan because _____
Signature. S/ C. Fleetwood"

"INDIANAPOLIS BOARD OF ZONING APPEALS
VARIANCE NO. 614-64
FINDING OF FACTS
ON
PETITION FOR VARIANCE OF ZONING ORDINANCE

"Y 1. The grant of the variance will not be injurious to the public health, safety, morals, and general welfare of the community because_____

"Y 2. The use or value of the area adjacent to the property included in the variance will not be adversely affected because _____

"Y 3. The need for the variance arises from some condition peculiar to the property involved and does not exist in similar property in the same zoning district because

"Y 4. The strict application of the terms of the ordinance will constitute an unusual and unnecessary hardship if applied to the property for which a variance is sought because _____

"Y 5. The grant of the variance does not interfere with the metropolitan comprehensive plan since no zoning ordinance or ordinances classifying or restricting the use of or otherwise applicable to the property involved shall be considered to be a part of such metropolitan comprehensive plan because _____
Signature S/ J. Earl Owens"

"INDIANAPOLIS BOARD OF ZONING APPEALS
VARIANCE NO. 614-64
FINDING OF FACTS
ON
PETITION FOR VARIANCE OF ZONING ORDINANCE

"Yes 1. The grant of the variance will not be injurious to the public health, safety, morals, and general welfare of the community because_____

"Yes 2. The use or value of the area adjacent to the property included in the variance will not be adversely affected because _____

"Yes 3. The need for the variance arises from some condition peculiar to the property involved and does not exist in similar property in the same zoning district because

"Yes 4. The strict application of the terms of the ordinance will constitute an unusual and unnecessary hardship if applied to the property for which a variance is sought because_____

"Yes 5. The grant of the variance does not interfere with the metropolitan comprehensive plan since no zoning ordinance or ordinances classifying or restricting the use of or otherwise applicable to the property involved shall be considered to be a part of such metropolitan comprehensive plan because _____

Signature S/ John F. Sullivan"

The court below doubtless observed the three members who voted in favor of the variance also *signed* findings of fact in the case. We are not aware of any statutory or procedural requirement which requires any board member to put a "Yes" or. a "Y" in front of each of the findings to which his signature is affixed. If there is any significance to the failure of Mr. Owens to put a "Y" or a "Yes" next to Item 5, it can only constitute an irregularity, and not an illegality.

Based upon the foregoing record, the trial court entered its Finding 6 as follows:

"6. That the defendant, City of Indianapolis Board of Zoning Appeals, by and through its members voting in favor of the Petition for Variance, constituting a majority of such Board, did make written findings of fact legally sufficient to justify its decision to grant such variance;"

and its Special Finding 12 as follows:

"12. The defendant Board of Zoning Appeals of the City of Indianapolis, by and through its members voting in favor of the Petition for Variance, consisting of a majority of the said Board, did make a determination in writing that the grant of a variance did not interfere with the Metropolitan Comprehensive Plan since no zoning ordinance or ordinances classifying or restricting the use of or otherwise applicable to the property involved shall be considered to be a part of such Metropolitan Comprehensive Plan."

In entering the above findings, the trial court had before it the signature of J. Earl Owens on the Board findings of fact. The trial court did not consider it material that there was no "Y" or "Yes" next to Item 5 of the findings of Mr. Owens. The trial court regarded the findings and the determination entered in the cause by the Board of Zoning Appeals to be in substantial compliance, and as exhibiting a good faith effort to conduct a fair and reasonable hearing.

It is the general rule that courts are inclined to treat defects that are not plainly jurisdictional as irregularities rather than illegalities. See *Board of Zoning Appeals of the City of Indianapolis* v. *Moyer, et al.* (1940), 108 Ind. App. 198, 27 N. E. 2d 905, 910, wherein the court stated:

"An illegality within the meaning of the statute under consideration goes to the foundation of the action and discloses that the proceedings have nothing to stand upon, while an irregularity denotes that the Board had jurisdiction of the proceedings, but failed to consummate its work in all respects *according to the forms prescribed.*" (Emphasis supplied).

Also, see *Warren* v. *Indiana Telephone Company* (1940), 217 Ind. 93, 26 N. E. 2d 399, wherein the court stated:

"In ascertaining whether the finding of the administrative agency meets the requirement of due process, the court will look to the substance rather than the form. The mode by which the facts were found will be regarded as a means rather than an end, and the finding will not be set aside because the agency did not conform to the court-made formulas of proof."

This court recently discussed the sufficiency of findings of fact by Zoning Boards and approved the findings used in that cause. *Kessler-Allisonville Civic League, Inc., et al.* v. *Marion County Board of Zoning Appeals, et al.* (1965), 137 Ind. App. 610, 209 N. E. 2d 43, 6 Ind. Dec. 109, 115.

In examining the above case, we find the five findings made by the Board set out in the opinion. Following the first four findings, the board members set out a reason. The fifth finding is almost verbatim with that in the instant case and we set it out for comparison:

"5. The grant of the variance does not interfere with the metropolitan comprehensive plan adopted pursuant to Secs. 31 through 37 of this act: Provided, that no zoning ordinance or ordinances classifying or restricting the use of or otherwise applicable to the property involved shall be considered to be a part of such metropolitan plan."

In the *Kessler-Allisonville C. L.* v. *Marion County Bd. of Z. A., supra,* it was argued that the findings were, "insufficient in that they are too general by being in the words of the statute. . . ." 137 Ind. App. 610, 6 Ind. Dec. 109, at page 112, 209 N. E. 2d 43, at page 46. In considering this contention and the cases cited by appellant therein, this court, at page 48, said:

"Note that following the conclusions that must be reached under Burns' § 53-969, *supra,* the Board indicates *why* it reached such determination with the exception of finding No. 5. We believe that this procedure is commendable and is certainly not erroneous. Such findings in and of themselves are therefore 'legally sufficient.'

"[6] Finally, appellants argue that the Board and the trial court committed error in not making a finding about the character of the neighborhood and the apartment buildings' effect on such character. This exact type of finding is not required by Burns' § 53-969, *supra.* Further, causes Nos. 1, 2, and 3 in § 53-969, *supra,* are generally concerned with the effect of the granting of the variance on the neighborhood. Findings on these and the other elements as found in the statute are sufficient, for it is only necessary that the Zoning Board follow the statute. *Anderson Lumber, etc., Co.* v. *Fletcher* (1950), 228 Ind. 383, 390, 89 N. E. 2d 449.

"[7] In conclusion, we observe that here again, the appellants are in essence requesting us to review the evidence and make a separate determination on the merits of the variance. We repeat the maxim which prevails in all judicial reviews of administrative agencies' determinations. We do not review Zoning Boards' decisions ' . . . for the purpose of determining the merits of the discretion exercised by

the administrative board'. *Nelson* v. *Board of Zoning Appeals, etc.* (1959), 240 Ind. 212, 217, 162 N. E. 2d 449, 451. This rule governs the trial court's review of Zoning Board decisions as well as our second review of such."

In the absence of a showing by the appellant that there was an abuse of discretion on the part of the trial judge in reviewing the Board's determination, I do not feel that we can substitute our interpretation of this procedure for that of the trial court.

For the foregoing reasons, the decision of the trial court affirming the determination of the Board of Zoning Appeals of the City of Indianapolis should be affirmed.

Judgment affirmed.

Cooper, J. and Prime, J., concur.

Faulconer, J., dissents with opinion.

### DISSENTING OPINION

FAULCONER, J.—The majority opinion ignores the fact that the Board made and filed its determinations in writing separately from the "work sheets" which failed entirely to contain the fifth determinate required by the statute. It further treats the "work sheets" as the Board's findings of the determinates and to supply the above deficiency. It further has supplied, under the term irregularity, a vote by Board member Owen on the fifth required determinate even if the work sheets could legally be sustituted for those required. Besides holding that "work sheets" establish the five determinates the majority opinion holds the same work sheets to be the "detailed findings to support the required determinates," which they could not be under the most liberal construction. This, in my opinion, is going to the ultimate extreme in order to affirm a Board's decision and is another step in establishing the total uselessness of an appeal and review of the Board's decisions.

Although an administrative agency has wide discretion and is not bound by the usual rules of evidence and procedure which prevail in courts of law, it is required to follow the

procedure and mandates of the Legislature specified in the statutes by which it is created and regulated.

Acts 1959, ch. 380, § 25, p. 1033, § 53-969, Burns' 1964 Replacement, is clear and definite in what the Zoning Board is required to do and find. Failure to comply with the statutory requirements makes their decision illegal.

Judge Hunter speaking for this court, in *Board of Zon. App.* v. *American Fletcher Nat. B. & T. Co.* (1965), 139 Ind. App. 9, 205 N. E. 2d 322, at page 324, 5 Ind. Dec. 109, at page 112, (transfer denied), in reversing a decision of the trial court which had granted a variance denied by the Zoning Board, stated:

". . . each cause in § 53-969, *supra,* for a variance must be unequivocally present, giving wide construction to the total of the evidence introduced both before the Board and that given before the trial court, . . ." See also: *Marion County Bd. of Zon. App.* v. *Sheffer & Clark, Inc.* (1966), 139 Ind. App. 451, 220 N. E. 2d 543, 9 Ind. Dec. 292.

I conclude that all five determinates set out in Burns' § 53-969, *supra,* must be set forth in writing by the Board. Appellee points out that, although the written determination of the Board contains only four of the determinates specified in the statute, each member signed a separate written form containing the five determinations. An examination of these five separate forms discloses that each form was identical and read as follows:

"INDIANAPOLIS BOARD OF ZONING APPEALS
VARIANCE NO. 614-64
FINDING OF FACTS
ON
PETITION FOR VARIANCE OF ZONING ORDINANCE

"Yes 1. The grant of the variance will not be injurious to the public health, safety, morals, and general welfare of the community because _____

"Yes 2. The use or value of the area adjacent to the property included in the variance will not be adversely affected because _____

"Yes 3. The need for the variance arises from some condition peculiar to the property involved and does not exist in similar property in the same zoning district because_____

"Yes 4. The strict application of the terms of the ordinance will constitute an unusual and unnecessary hardship if applied to the property for which a variance is sought because _____

"Yes 5. The grant of the variance does not interfere with the metropolitan comprehensive plan since no zoning ordinance or ordinances classifying or restricting the use of or otherwise applicable to the property involved shall be considered to be a part of such metropolitan comprehensive plan because _____

Signature S/ John F. Sullivan"

A further examination of these forms reveals that on three of them there was a typewritten "yes" before each of the five determinations and that on the third member's form a "y" was typed preceding each of the first four determinates and nothing preceding the fifth. The fourth and fifth members voted no to granting the variance. Appellee argues that since the forms contained all five determinates, and since the failure to put a "y" before the fifth determinate on one member's form was "an error in typing," the majority of the board members actually found the five requisite determinates to support the granting of the variance.

I cannot agree with the contention of appellees. In the first instance, the Board made findings of four of the determinates separate from the "forms" signed by each Board member. In the second instance, although these forms are obviously "work sheets," they are designated "Finding of Facts of Petition for Variance of Zoning Ordinance" and a review court cannot, in my opinion, assume that the failure of a member's "work sheet" to show a "y" before the fifth determinate is merely a "secretarial error" in light of the fact that it was the only determinate missing from the majority finding of the Board separate from the members' work sheets. It is also revealing that at the end of each determination on the "forms"

the word "because" appears with a blank space indicating to me that the Board member was to supply a reason for finding that determination.

I am of the further opinion that even if we consider the absence of a "y" before the fifth determinate on the work sheet of member Owen was merely a "secretarial error," and we further assume that such work sheets can take the place of the separate finding of determinations, from which No. 5 determination was absent entirely, this decision of the Board is still illegal for the failure of the Board to make any "Detailed written findings of fact sufficient to support such determinations" as required by Burns' § 53-969, *supra*.

In the 1965 amendment, the requirement that the Board make "detailed written findings of fact sufficient to support such determinations" was deleted, however, we are not concerned with such amendment in this cause.

The only alleged findings are those separate forms of each member we have discussed above. These, being only verbatim statments of the statutory determinations, are, at best, conclusions and meet none of the requirements of findings of fact. Also, an examination of said forms indicates the reason for each conclusion was to be supplied which would be the facts to support the conclusion.

This court recently discussed the sufficiency of findings of fact by Zoning Boards and approved the findings used in that cause. *Kessler-Allisonville C. L.* v. *Marion County Bd of Z. A.* (1965), 137 Ind. App. 610, 209 N. E. 2d 43, 6 Ind. Dec. 109 (transfer denied).

I, therefore, conclude that the decision of the Board was illegal for its failure to make all of the five determinations in writing and to make detailed written findings of fact as required in Burns' § 53-969, *supra*.

I would reverse with instruction to grant appellants' motion for a new trial.

NOTE.—Reported in 235 N. E. 2d 503.